749 So.2d 490 (1999)
Rupert B. BROWN, et ux., et al., Petitioners,
v.
The ESTATE OF A.P. STUCKEY, Sr., et al., Respondents.
No. 90,197.
Supreme Court of Florida.
August 26, 1999.
Rehearing Denied January 12, 2000.
*492 Martin S. Page, Lake City, Florida, for Petitioners.
James C. Rinaman, Jr., Edward K. Cottrell, and Alan K. Ragan of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, Florida, for Respondents.
OVERTON, Senior Justice.
We have for review Estate of Stuckey v. Brown, 695 So.2d 796 (Fla. 1st DCA 1997), which reversed the trial judge's granting of a new trial on the grounds that the verdict was contrary to the manifest weight of the evidence. We find that the district court's decision directly conflicts with Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), and our subsequent decisions in Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla.1975); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Smith v. Brown, 525 So.2d 868 (Fla.1988); and E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825 (Fla.1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we conclude that the district court in this case erred in reversing the trial judge's order because it did not apply the broad discretion standard adopted in Cloud. Rather, the district court applied the substantial, competent evidence standard, which was rejected in Cloud. It is our desire in this opinion to clarify the principles that must be applied by the trial judge when considering a motion for new trial on the grounds that the verdict is contrary to the manifest weight of the evidence and the standard that must be applied by the appellate court on an appeal of the trial judge's decision to grant a new trial.
The relevant facts in this case reflect that, in 1981, Rupert and Lettie Brown entered into a partnership or joint venture agreement with Sarah and A.P. Stuckey for the operation of a thoroughbred horse farm in Suwannee County. Hostilities arose among the parties and, in 1989, the Stuckeys brought an action against the Browns for intentional interference with business relationships, defamation, and intentional infliction of emotional distress. The case went to trial and the jury returned a verdict for the Stuckeys, awarding both compensatory and punitive damages. The Browns filed a motion for a new trial, alleging that the verdict was contrary to the manifest weight of the evidence and that the jury had committed misconduct. The Browns did not file a motion for remittitur.[1] The trial judge granted the motion for new trial and explained in detail his reasons. The trial judge's order states as follows:
This matter was before the Court upon the motion of Defendants for a new trial and, as an adjunct thereto, the Court-ordered interview of certain of the jurors after certiorari proceedings to the District Court of Appeal, First District, affirmed this Court's granting of Defendant's motion seeking such interviews.
The Court has heard testimony of four of the seated jurors, three of whom deliberated and returned the verdict in this cause, concerning alleged misconduct by the Foreman of the jury during the trial. Contradictions appear in their testimony and that testimony, standing alone, does not convince the Court that the Foreman/juror committed perjury during his voir dire examination, although counsel may have been misled by his answer concerning his knowledge of the attorney for the Defendants.
That testimony, together with that of the Defendants and the allegations of their motion for new trial filed December 21, 1994, indicates that the Foreman/juror, during the trial, may have visited the farm which was the subject of partition in this action and where much of the other counts in Plaintiff's Complaint are alleged to have arisen. However, *493 the testimony does not indicate that such act, if true, was used to influence the other jurors.
What their testimony does clearly indicate is that the jurors on this case either deliberately ignored or did not appreciate the instructions of this Court repeatedly given them over the course of this two week trial that they were not to discuss the case among themselves during recesses and that they were not to form or express any opinion about that case until the case had been given over to them for their deliberations and verdict. The Court finds from the more credible testimony received from the interviewed jurors that such discussions were an on-going circumstance during the course of the trial.
The trial of this multi-count and complex action consumed approximately two weeks. The witnesses were numerous, the exhibits literally covered volumes and the objections of counsel to various evidentiary matters were dependably recurring events. The Court has heard argument of counsel concerning the motion of Defendants for a new trial. The Court has also reviewed the specific findings and awards set forth in the verdict rendered by the jury.
Comparing all of the foregoing facets of this case and the evidence submitted, to the verdict rendered, this Court is compelled to conclude that the verdict is the product of a jury which was either (a) deceived as to the force and credibility of the evidence, or (b) influenced by considerations outside the record; i.e., bias, prejudice; or (c) both.
The Court finds that, under the facts of this case which has been in litigation since early 1989, the damages awarded are contrary to the manifest weight of the evidence and the instructions of law given the jury to guide it in its deliberations.
On Plaintiff's claim for intentional interference with business relationship, the compensatory damages awarded the Estate of A.P. Stuckey for loss of business profits from 1989 to October, 1994, (date of his death) of $253,500.00 is an example of an award which, when compared to prior earnings and "best-scenario" projected increases in the absence of such interference, simply is not sustainable by any reasonable view of the evidence. In like manner, the Court cannot reconcile the award to Mrs. Stuckey (widow of Mr. Stuckey and his joint partner in their business up to his death) of $130,500.00 on that same claim where the evidence was silent as to her personal expected profits in the business, absent the efforts of her husband.
On the claim for the Estate of A.P. Stuckey for damages for defamation (limited in time from 1989 through early October, 1994), the jury awarded $50,000.00 as compensation. However, no reasonable evidence was adduced to support such award other than that concerning "loss of business" which was indistinguishably intertwined with the claim for interference with business. There was not evidence as to loss or suffering resulting from defamation for that period of time that would reasonably equate to $50,000.00 and the award can be seen by this Court only as one meant to punish rather than to fairly compensate as instructed by this Court.
The Court similarly views the jury's award on the claims for intentional infliction of emotional distress. The evidence on such claim was inseparable from that on the two claims discussed above. This Court finds that clearly the jury either misperceived the evidence or was improperly and unlawfully motivated in awarding such sums for a non-continuing tort. To the same effect was the jury's allocation of equity in the partition of lands of 65% in favor of Plaintiffs where the evidence reflected that the cash funds used to purchase the land and construct much of the improvements thereon flowed from the pockets of the Defendants.

*494 These considerations have led the Court to the conclusion that justice requires the motion of Defendants for new trial be granted. Because of the scope of the excessiveness of the damages when compared to reasonable inferences from the weight of the evidence, the Court cannot but conclude that the jury's findings as to the issues of liability and special interrogatory were similarly tainted, requiring that new trial be granted as to all issues. Defendants have stated additional grounds in support of their motion for new trial, but in light of the result stated above, the Court has found it unnecessary to consider them at this time. They may be considered upon proper objection during the retrial of this cause.
The Stuckeys appealed the order granting the new trial and the First District Court of Appeal reversed. The district court rendered two opinions. In its first opinion, the district court stated:
Our review of the record indicates that there was sufficient evidence from which a reasonable jury could have returned this verdict in favor of the plaintiffs. A full recitation of the evidence or the specific facts would serve no purpose. We, therefore, find without further comment that it was inappropriate to grant a new trial on the basis that the verdict was against the manifest weight of the evidence.
Estate of Stuckey v. Brown, 688 So.2d 438, 439-40 (Fla. 1st DCA 1997)(emphasis added). Recognizing that it applied an incorrect standard in determining whether the trial judge erred in ordering a new trial, the district court issued a second opinion, which reads:
In Miller v. Affleck, 632 So.2d 79 (Fla. 1st DCA 1993), we recognized the natural tension which exists between applying the abuse of discretion standard and restricting the trial court from usurping a jury's fact-finding responsibility by becoming a seventh juror with veto power. In Miller, we announced the correct test for reviewing a trial court's order granting a new trial based on the verdict being against the manifest weight of the evidence:
The general standard of review of an order granting a new trial is whether the trial court has abused its discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988). If an abuse of discretion has occurred, however, the appellate court will reverse the order granting a new trial. Lee v. Southern Bell Tel. and Tel. Co., 561 So.2d 373 (Fla. 1st DCA 1990). For instance, where a new trial is granted because the verdict was against the manifest weight of the evidence, a trial court may not substitute its view of the evidence for that of the jury. Florida First Nat'l Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed, 411 So.2d 381 (Fla.1981). A verdict can be found to be against the manifest weight of the evidence only when it is clear, obvious, and indisputable that the jury was wrong. Lee, supra at 380, citing Crown Cork & Seal Co., Inc. v. Vroom, 480 So.2d 108 (Fla. 2d DCA 1985).
Id. at 80.
Estate of Stuckey v. Brown, 695 So.2d 796, 797 (Fla. 1st DCA 1997)(emphasis added). The district court's decision that a trial judge may grant a motion for new trial "only when it is clear, obvious, and indisputable that the jury was wrong" is in express and direct conflict with this Court's decisions in Cloud and its progeny that afford a trial judge broad discretion in ruling on a motion for new trial. As explained below, the quoted principle originated in a district court of appeal decision applying the substantial, competent evidence standard that was issued prior to this Court's rejection of that standard in Cloud.

Purpose of Granting New Trial Because the Verdict is Contrary to the Manifest Weight of the Evidence
Prior to this Court's decision in Cloud, Florida appellate courts applied two doctrines *495 when reviewing an order for a new trial based on the verdict being contrary to the manifest weight of the evidence. The first was the substantial, competent evidence doctrine. Under this doctrine, trial judges were directed to grant a motion for a new trial only when the verdict was not supported by substantial, competent evidence. Appellate courts would review the record and reverse the order if, in their view, there was substantial, competent evidence in support of the jury's verdict. The second was the broad discretion doctrine. Under this doctrine, the trial judge was credited with having a superior vantage point at trial and given the responsibility of determining if the verdict was unjust. Consequently, the trial judge was given broad discretion to grant a new trial if he or she concluded that the verdict was contrary to the manifest weight of the evidence. In Cloud, this Court resolved the conflict by approving the broad discretion doctrine and rejecting the substantial, competent evidence doctrine.
The trial judge's discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. See Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350 (4th Cir.1941). The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge's trained and experienced judgment, is an unjust verdict. Thus, the trial judge does not have broad discretion to enter a judgment for a litigant or to deny a litigant a jury trial. As our cases illustrate, this discretionary authority of a trial judge to order a new trial when the verdict is contrary to the manifest weight of the evidence has been applied to the benefit of both plaintiffs and defendants who have been victimized by unjust verdicts.

The Law in Florida
This Court's seminal decision in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), governs the broad discretion of a trial judge to grant a new trial when the verdict is contrary to the manifest weight of the evidence. In Cloud, the plaintiff sought to recover damages for his child's death, allegedly caused by the defendant's negligent operation of his car. The defendant pleaded that the parents were negligent in allowing the child to play in the street. The jury returned a verdict for the defendant. The plaintiff moved for a new trial, and the trial judge granted the motion, finding that the verdict of the jury was contrary to the manifest weight of the evidence. The trial judge noted in his order that at the time of the accident the defendant was traveling at an excessive speed through an area known by the defendant to have many children in it and that the jury had held the child's parents to a greater degree of responsibility for the care of the child than the law required. On appeal, the district court noted that some appellate courts applied the broad discretion doctrine and other appellate courts applied the substantial, competent evidence doctrine. The district court opted to follow the broad discretion doctrine and it affirmed the trial court's order of a new trial. The district court's decision was appealed and this Court determined that the issue was whether "the so-called `broad discretion' rule or the so-called `substantial, competent evidence' rule should be applied" in this state. Cloud, 110 So.2d at 671. This Court upheld the district court's decision, stating, "We adhere to the early rule placing in trial courts broad discretion of such firmness that it would not be disturbed except on clear showing of abuse...." Id. at 672 (emphasis added). The Cloud Court explained the trial judge's duty in considering a motion for a new trial based on the verdict being against the manifest weight of the evidence:

*496 When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.

Id. at 673 (citations omitted)(emphasis added). Regarding the review of orders granting new trial on these grounds, this Court stated that "[i]nasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused." Id. This Court also explained that the party challenging the order granting a new trial
cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without the benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some "substantial competent evidence" supporting the verdict.
Id.
The district court in the present case applied the principle of the substantial, competent evidence doctrine set forth in Grand Assembly of Lily White Security Benefit Ass'n v. New Amsterdam Casualty Co., 102 So.2d 842 (Fla. 2d DCA 1958). This case was decided by the Second District Court of Appeal eleven months prior to this Court's decision in Cloud. In Grand Assembly, the district court, in attempting to define "manifest weight of the evidence," determined that "manifest means clearly evident, clear, plain, indisputable." 102 So.2d at 846 (quoting Schneiderman v. Interstate Transit Lines, 331 Ill.App. 143, 72 N.E.2d 705, 706 (1947), aff'd, 401 Ill. 172, 81 N.E.2d 861 (1948)). The district court in Grand Assembly applied this definition to its review of the order granting a new trial and concluded that "there is substantial competent evidence to support the verdict so that it should stand and that the trial court should not substitute its conclusions based on the evidence for the views and conclusions of the jury." Id.
This Court has consistently followed the principles set forth in Cloud. In Castlewood International Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975), we reiterated that a grant of a new trial is of such firmness that it should not be disturbed except upon a clear showing of abuse. This Court also stated that an appellant seeking to overturn such a ruling has a heavy burden and any abuse of discretion by the trial court must be clear from the record.
In Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), the jury awarded the plaintiff compensatory and punitive damages. The trial judge found the punitive damage award to be so grossly excessive as to shock the judicial conscience and ordered a new trial as to damages in lieu of a remittitur that had been rejected by the plaintiff. The order did not contain a finding that the verdict was contrary to the manifest weight of the evidence. The order also did not explain what about the verdict shocked the judge's conscience. On appeal, the district court reversed, finding substantial, competent evidence to support the jury's verdict. On review, this Court found that the district court's decision clearly conflicted with Cloud and its rejection of the substantial, competent evidence rule. This *497 Court noted that, to facilitate intelligent review, the order must contain reasons that produce the need for a new trial and also must either demonstrate the impropriety of the verdict or show that the jury was influenced by considerations outside the record. Because the order in Wackenhut Corp. did not explain why the verdict was excessive, this Court upheld the district court's decision.
In Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980), a verdict was returned in favor of the plaintiff and the trial judge granted a motion for a new trial, expressly finding that the verdict was grossly excessive and contrary to the manifest weight of the evidence. The district court of appeal reversed, concluding that the verdict was neither excessive nor contrary to the manifest weight of the evidence. This Court quashed the district court decision because it failed to properly apply the broad discretion rule granted to trial courts in Cloud. We emphasized that, in reviewing the trial court's order, "the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Id. at 146.
In Smith v. Brown, 525 So.2d 868 (Fla. 1988), we emphasized that the reasonableness standard applied to the trial court's determination that a jury verdict was against the manifest weight of the evidence. Justice Grimes, writing for the Court, succinctly explained the roles of the trial and appellate courts:
[T]he trial judge should refrain from acting as an additional juror. Laskey v. Smith, 239 So.2d 13 (Fla.1970). Nevertheless, the trial judge can and should grant a new trial if the manifest weight of the evidence is contrary to the verdict. Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980). In making this decision, the trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence. Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981). The trial judge should only intervene when the manifest weight of the evidence dictates such action. However, when a new trial is ordered, the abuse of discretion test becomes applicable on appellate review. The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion.
Id. at 870.
In E.R. Squibb and Sons, Inc. v. Farnes, 697 So.2d 825 (Fla.1997), we recently repeated that the abuse of discretion standard and the reasonableness test apply to the review of an order for new trial. We noted that, "although there was an evidentiary basis for the jury verdict, there also was extensive evidentiary support for the trial court's ruling," and concluded that "reasonable persons could agree with the trial court." Id. at 827-28.
To summarize, this Court has repeatedly held that the trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence. A trial judge has the responsibility to draw "on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper channel," and the trial judge should always grant a motion for a new trial when "the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record." Cloud, 110 So.2d at 673. The trial judge's discretion permits the grant of a new trial although it is not "clear, obvious, and indisputable that the jury was wrong." When a trial judge grants the motion for a new trial, he or she must articulate the reasons for the new trial in the order.
When reviewing the order granting a new trial, an appellate court must *498 recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
A trial judge may order a new trial on the grounds that the verdict is inadequate or excessive, against the manifest weight of the evidence, or both. In Cloud, the new trial was ordered because the verdict was contrary to the manifest weight of the evidence. In Wackenhut, the new trial was ordered because the trial judge found the punitive damages award to be excessive and the plaintiff rejected a remittitur. In Baptist Memorial Hospital, the new trial was based on the verdict being excessive and contrary to the manifest weight of the evidence.
Regarding inadequate or excessive verdicts, this ground is a corollary of the ground asserting that the verdict is contrary to the manifest weight of the evidence. A new trial may be ordered on the grounds that the verdict is excessive or inadequate when (1) the verdict shocks the judicial conscience or (2) the jury has been unduly influenced by passion or prejudice. The procedure under section 768.74, Florida Statutes (1997), for remittitur and additur apply only upon the proper motion of a party. Regardless of whether a new trial was ordered because the verdict was excessive or inadequate or was contrary to the manifest weight of the evidence, the appellate court must employ the reasonableness test to determine whether the trial judge abused his or her discretion.

The Instant Case
In the instant case, the Browns filed a motion for new trial. The Browns did not file a motion for remittitur. The trial judge granted the motion for a new trial and set forth in the order his reasons for finding the jury award to be both excessive and contrary to the manifest weight of the evidence. For example, the order explains that the award of loss of business profits in the amount of $253,500, when compared to prior earnings and the best-scenario projected increases, was not sustainable by any reasonable view of the evidence. The order also explains that the damages award was so contrary to any reasonable interpretation of the evidence that the trial judge was compelled to conclude that the jury's findings regarding liability were similarly tainted. The trial judge recognized the requirement to find that the jury was deceived as to the force and credibility of the evidence or influenced by considerations outside the record. The district court determined that the trial judge abused his discretion, finding that it was not clear, obvious, and indisputable that the jury was wrong. In so holding, the district court failed to recognize the trial judge's broad discretion in ruling on the motion for a new trial, failed to apply the reasonableness test in determining whether the trial judge abused his discretion, and actually applied a principle that is used in the substantial, competent evidence doctrine.
Upon reviewing the record, we find that the trial judge acted within his broad discretion in granting the motion for a new trial. Regarding the jury award for loss of business profits, the record reveals that the partnership earned very limited profits during the applicable five-and-one-half-year period. The Stuckeys' tax returns reflect that in 1987 there was a net partnership deficit of $5,911.36 and in 1988 there was a net partnership profit of $13,647.63. Contrary to these tax returns, Mrs. Stuckey testified that the average net income from the partnership was $20,000 to $25,000 until 1988, and that she and her husband had projected annual net profits over the next five to six years to be between *499 $35,000 and $40,000. Even assuming Mrs. Stuckey's projection to be accurate, the maximum resulting loss would be $220,000 for the five-and-one-half-year period. The jury, however, returned a loss of $384,000. Without going into detail as to the other items of damage, it is clear from this order that the trial judge was not acting as a seventh juror in this case but that the judge believed the jury had been deceived as to the force and credibility of the evidence. This case involves complex issues and circumstances, and the trial judge was better positioned than any other person to comprehend the processes by which the ultimate decision of the jury was reached. As noted in Cloud, many of these are circumstances that can be known only by the trial judge and do not appear in the cold record on appeal. Accordingly, while reasonable persons might differ, we find that the action of the trial judge was not unreasonable and the grant of a new trial should have been affirmed.
We quash the decision of the First District Court of Appeal and direct that this case be remanded to the trial court for a new trial. We also disapprove Miller v. Affleck, 632 So.2d 79, 80 (Fla. 1st DCA 1993); Lee v. Southern Bell Telephone & Telegraph Co., 561 So.2d 373, 380 (Fla. 1st DCA 1990); and Crown Cork & Seal Co. v. Vroom, 480 So.2d 108, 110 (Fla. 2d DCA 1985), cited by the district court below, to the extent they hold that a trial judge may grant a motion for new trial only when it is "clear, obvious, and indisputable that the jury was wrong."
It is so ordered.
SHAW, WELLS and ANSTEAD, JJ., concur.
PARIENTE, J., dissents with an opinion, in which HARDING, C.J., concurs.
PARIENTE, J., dissenting.
I would affirm the First District's decision in Estate of Stuckey v. Brown, 695 So.2d 796 (Fla. 1st DCA 1997), for two reasons. First, there is no conflict with Cloud v. Fallis, 110 So.2d 669 (Fla.1959). Cloud v. Fallis and its progeny address the appellate standard of review as an abuse of discretion, but do not elaborate on the trial court's standard for determining what constitutes manifest weight of the evidence. The issue decided by the First District is what constitutes "manifest weight of the evidence" to entitle the trial court to set aside a jury verdict.
Second, in my opinion, the trial court abused its discretion in granting a new trial. The trial court's order does not explain how the jury was deceived about the force of the evidence. There is also no basis to support the trial court's statement in the order that the damages awarded by the jury were duplicative. It appears that the trial court simply disagreed with the jury's assessment of damages and did no more than impermissibly sit as a seventh juror, thereby usurping the jury's fact-finding function.
HARDING, C.J., concurs.
NOTES
[1] Because no such motion was made or ruled upon, the legal standards regarding the remittitur of excessive verdicts are inapplicable in this case.