PER CURIAM.

On Rehearing Granted

The opinion of this Court filed on August 4, 1999, is vacated and this opinion is substituted in its stead.
Carlos A. Gonzalez, M.D., who was the defendant below in this wrongful death action, appeals the trial court’s order granting plaintiff Gliceria Ravirifici’s motion for a new trial following a jury verdict for Dr. Gonzalez. In its order, the trial court agreed with Ravirifici that the verdict was against the manifest weight of the evidence and that defense counsel made improper comments amounting to fundamental error during summation. A review of the record in light of the statements made by the Supreme Court in Brown v. Estate of Stuckey, — So.2d -, 24 Fla. L. Weekly S397, 1999 WL 669205 (Fla. Aug. 26, 1999) convinces us that the order under review should be affirmed.
Estate of Stuckey ratifies and repeats statements made in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), and more recently E.R. Squibb & Sons, Inc. v. Fames, 697 So.2d 825, 826 (Fla.1997), observing the broad discretion of a trial judge to grant a new trial when the verdict is contrary to the manifest weight of the evidence and the appropriate standard of review to be employed by an appellate court in reviewing such a decision. After a lengthy legal and historical analysis, the Supreme Court in Estate of Stuckey concludes:
To summarize, this Court has repeatedly held that the trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence. A trial judge has the responsibility to draw “on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper channel,” and the trial judge should always grant a motion for a new trial when “the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.” Cloud, 110 So.2d at 673. The trial judge’s discretion permits the grant of a new trial although it is not “clear, obvious, and indisputable that the jury was wrong.” When a trial judge grants the motion for a new trial, he or she must articulate the reasons for the new trial in the order.
When reviewing the order granting a new trial, an appellate court must recog *1147 nize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
Estate of Stuckey, - So.2d -, 24 Fla. L. Weekly at S400, 1999 WL 669205. On this clear statement of the law, we affirm the decision under review.
Ms. Ravirifici brought this wrongful death/medical malpractice action as the personal representative of the estate of her daughter, Maria Medina. The suit alleged that Dr. Gonzalez, an anesthesiologist, negligently caused thirty-three-year-old Maria’s death during a routine laparos-copy to reverse a tubal ligation. Maria’s gynecologist, Dr. Jorge Coranado, had performed the surgery, with Dr. Gonzalez as the anesthesiologist. A rare but known complication of a laparoscopy, which involves the use of carbon dioxide (C02) gas to distend the patient’s abdomen, is C02 embolism. During the surgery, Maria became cyanotic-her skin turned a dark blue-indicating a lack of oxygen in the blood. Maria’s blood pressure plummeted and thereafter her heart arrested. Despite the fact that resuscitative efforts eventually restarted Maria’s heart, she suffered massive and irreparable brain damage and died the next day.
The timing of the resuscitative efforts formed the crux of the malpractice dispute. The version of events posited by Ravirifici was that a fifteen-minute period elapsed between the time Maria’s blood pressure fell dangerously low and the time when CPR was begun, and that fifteen minutes was too long a time period. The undisputed testimony of plaintiffs expert was that plaintiff should have been given CPR within minutes of the drop in blood pressure. The hospital “code sheet” supported the plaintiffs position and indeed indicated 11:40 as the time Maria’s pressure dropped and 11:55 as the time CPR was begun. Ravirifici’s expert witness testified that this fifteen-minute lapse fell below the standard of care and likely caused Maria’s death.
Neither the defendant nor the expert testifying on his behalf disputed that within minutes of a critical drop in blood pressure, CPR should be given. Nor did Dr. Gonzalez specifically deny the times on the “code sheet.” Rather the doctor maintained that he was busy trying to save Maria, not looking at the times. Both Dr. Gonzalez and his expert witness testified that the times on hospital “code sheets” are often inaccurate, as they are written down after the crisis has passed. However, the doctor’s own testimony was that “the patient went flat on the EKG, a total cardiac arrest. We started the resuscitation, we gave the epinephrine, we started the chest compressions.... ” While Dr. Gonzalez’s expert opined that all the actions taken were appropriate to the situation and that the doctor’s care of the patient during this crisis was proper, the plaintiffs expert supported the 11:55 time as being when CPR was begun and noted that this time was corroborated by the nurse who actually performed the CPR as being the time when she began her efforts.
When the jury returned a verdict in the doctor’s favor, the trial judge concluded the jury’s verdict was against the manifest weight of the evidence and ordered a new trial.[1] The fact that there *1148 was evidence in the record that could be viewed as supporting the jury’s decision does not change the propriety of that decision. Rather, it appears that the judge was simply fulfilling his responsibility to draw on “his talents, his knowledge, and his experience to keep the search for truth in a proper channel.” Estate of Stuckey, — So.2d -, 24 Fla. L. Weekly at S400, 1999 WL 669205 (quoting Cloud, 110 So.2d at 673). Because reasonable persons could differ as to the propriety of the trial court’s action, there can be no finding of an abuse of discretion.
Accordingly, we affirm the trial judge’s order granting a new trial. In light of this decision, we need not comment on the second basis for the trial court’s decision, its finding of improper comments by defense counsel during closing. On retrial, however, counsel is cautioned that it is crucial to timely object to whatever comments he or she deems inappropriate.
Affirmed and remanded.

. Having reviewed the record in light of the standard of review outlined herein we do not believe remand for a more particular statement of the trial court's rationale for its decision is imperative. We do however caution, as stated in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), that orders granting new trial should articulate the court’s reasons *1148 for so doing as this procedure facilitates the appellate court in the exercise of its duty of determining whether judicial discretion has been abused.