753 So.2d 1256 (2000)
Ivan TRUJILLO, Petitioner,
v.
UNIROYAL TIRE COMPANY, etc., et al., Respondents.
No. SC93527.
Supreme Court of Florida.
February 24, 2000.
Stabinski & Funt, Miami, Florida, and Bambi G. Blum, Miami, Florida, for Petitioner.
Wendy F. Lumish of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, Florida, for Respondents.
PER CURIAM.
We have for review Uniroyal Tire Co. v. Trujillo, 711 So.2d 606 (Fla. 3rd DCA 1998), which expressly and directly conflicts with Brown v. Estate of Stuckey, 749 So.2d 490 (Fla. 1999). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Uniroyal.
Vivian Trujillo was injured when her Surburban vehicle was involved in an accident resulting from a blowout. The blowout was caused by an improperly repaired tire; a serviceman had "plugged" the tire rather than installing an interior patch. Trujillo sued the tire's manufacturer, Uniroyal, claiming strict liability because Uniroyal had failed to warn consumers that its tires must be repaired with an internal patch, not a plug. The jury returned a verdict finding Uniroyal liable for failing to warn consumers but finding that Trujillo was 100 percent comparatively negligent for failing to use her seatbelt.
The trial court concluded that the verdict was inappropriate for various reasons and ordered an additur of $26,981 or, if Uniroyal objected to the additur, a new trial. Uniroyal objected to the additur, and the court ordered a new trial. Uniroyal appealed the order granting a new trial and the district court reversed, applying the following rule of law:
The trial court further found that "the damages awarded were inadequate given all the circumstances and against the manifest weight of the evidence." The law is clear that a verdict is against the manifest weight of the evidence only *1257 when it is clear, obvious, and indisputable that the jury was wrong. In applying this standard, we conclude that the trial court abused its discretion in granting a new trial.
Uniroyal, 711 So.2d at 608-09 (citations omitted and emphasis added). Trujillo contends that the district court applied the wrong rule of law. We agree.
We recently addressed this issue in Estate of Stuckey, wherein we explained:
To summarize, this Court has repeatedly held that the trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence.... The trial judge's discretion permits the grant of a new trial although it is not "clear, obvious, and indisputable that the jury was wrong."

Estate of Stuckey, 749 So.2d 490 (emphasis added).[1]
We quash Uniroyal and remand for proceedings consistent with Estate of Stuckey.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD and QUINCE, JJ., concur.
PARIENTE, J., concurs in result only.
LEWIS, J., recused.
NOTES
[1] This Court in Estate of Stuckey also set forth the appropriate standards of review for remittitur and additur. See Estate of Stuckey, 749 So.2d at 498.