759 So.2d 703 (2000)
Denise V. FRANKLIN, Appellant,
v.
The PUBLIC HEALTH TRUST OF DADE COUNTY d/b/a Jackson Memorial Hospital; and University of Miami, a Florida corporation, d/b/a University of Miami School of Medicine, Appellees.
No. 3D98-2754.
District Court of Appeal of Florida, Third District.
April 19, 2000.
Rehearing Denied June 21, 2000.
*704 Hickey & Jones, Miami; Elizabeth K. Russo, Miami, for appellant.
Robert A. Ginsburg, County Attorney, and Maria Arista-Volsky, Assistant County Attorney; Fowler, White, Burnett, Hurley, Banick & Strickroot, and Steven E. Stark, Miami, for appellees.
Akerman, Senterfitt & Eidson, and Paul R. Regensdorf, Fort Lauderdale, and Thomas G. Aubin (Fort Lauderdale), for Amicus Curiae The Florida College of Emergency Physicians.
Before LEVY, GERSTEN, and SHEVIN, JJ.
PER CURIAM.
Plaintiff, Denise Franklin ("Franklin"), appeals from an order granting a new trial in a medical malpractice case. We affirm finding no abuse of discretion because of the improper admission of expert testimony.
Franklin entered the emergency room at Jackson Memorial Hospital ("JMH") complaining of severe abdominal pain. The defendant, Public Health Trust of Dade County, owns and operates JMH. After an initial evaluation, Franklin was sent to the surgical section of the emergency room as a critical patient.
Franklin informed the physicians on duty that she suffered from lupus, a chronic autoimmune disease that flares up periodically. Franklin asked that her rheumatologist be called and was informed that the hospital had been in contact with him. Based on this information, Franklin agreed to exploratory abdominal surgery which was recommended to her by the JMH physicians. The JMH physicians believed that Franklin was suffering from either an ulcer or an intestinal perforation.
The JMH surgeons performed abdominal surgery which revealed nothing. Even though it was not diseased, the surgeons removed Franklin's appendix. As a result of the surgery, Franklin was left with scarring and internal adhesion of her organs. Consequently, Franklin had to undergo further surgery, including a hysterectomy. Franklin subsequently sued JMH and her treating physicians for medical malpractice.
At trial, Franklin's expert witness was Stuart Battle, M.D. ("Dr. Battle"), who is board-certified in internal medicine and, *705 over five years ago, served as head of an emergency department. At the time of trial, Dr. Battle was a general surgeon in Laurel, Maryland. At the close of Franklin's case, defense counsel moved for a directed verdict based on Franklin's failure to present any evidence from an expert who was qualified to testify about the standard of care of emergency room physicians pursuant to Section 766.102(6)(a)(b), Florida Statutes (1997).[1] The court reserved ruling and the jury returned a verdict awarding Franklin total damages of $200,000.
Upon defense counsel's renewed motion for a directed verdict, the trial court ordered a new trial because Dr. Battle was not qualified to render testimony under Section 766.102(6)(a)(b). Specifically, the court found Dr. Battle lacked substantial experience providing emergency medical services in a hospital emergency department within the last five years, was a general surgeon rather than an emergency room surgeon, and did not practice in a hospital emergency department in the same or similar locality where the alleged negligence occurred.
The granting of a new trial rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse. See Brown v. Estate of A.P. Stuckey, 749 So.2d 490 (Fla. 1999), reh'g denied, (January 12, 2000); E.R. Squibb and Sons, Inc. v. Farnes, 697 So.2d 825 (Fla.1997); Smith v. Brown, 525 So.2d 868 (Fla.1988). A "reasonableness" test is applied in analyzing whether a trial court has abused its discretion in ordering a new trial. See Brown v. Estate of A.P. Stuckey, 749 So.2d 490 (Fla. 1999). As noted in Brown,
When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion. A trial judge may order a new trial on the grounds that the verdict is inadequate or excessive, against the manifest weight of the evidence, or both.
Brown, 749 So.2d 490, 497-98.
Here, the trial court determined that Dr. Battle's testimony was improperly admitted. Dr. Battle admitted that he was not an emergency room physician but a general surgeon. The record reflects that 75% of Dr. Battle's 250-300 surgeries per year were outpatient surgeries. Furthermore, Dr. Battle works in a small 250 bed hospital outside of Baltimore, Maryland that is neither a major medical center nor a teaching hospital. On the other hand, JMH is a major medical center containing *706 1,650 beds, a level 1 Trauma Center, and has a full resident physician training program.
Under these facts, we determine that the trial court did not abuse its discretion. See Brown, 749 So.2d 490 (Fla. 1999), reh'g denied, (January 12, 2000). Accordingly, the order granting a new trial is affirmed.
Finally, having decided the legal issues before us, we are compelled to express our dismay with the behavior of the emergency room physicians at JMH. The emergency room physicians informed Franklin that they had contacted her rheumatologist when, in fact, they had not. Franklin testified that she signed the consent form for the surgery only because she believed that her rheumatologist was consulted. Although we have no power to act on this arguably unethical behavior, we believe this may be a matter to be addressed by the Agency for Health Care Administration which investigates complaints on behalf of the Department of Health.
Affirmed.
NOTES
[1] Section 766.102(6), Florida Statutes (1997) provides:

766.102 Medical negligence; standards of recovery.
(6)(a) In any action for damages involving a claim of negligence against a physician licensed under chapter 458, ... providing emergency medical services in a hospital emergency department, the court shall admit expert medical testimony only from physicians ... who have had substantial professional experience within the preceding 5 years while assigned to provide emergency medical services in a hospital emergency department.
(b) For the purposes of this subsection:
1. The term "emergency medical services" means those medical services required for the immediate diagnosis and treatment of medical conditions which, if not immediately diagnosed and treated, could lead to serious physical or mental disability or death.
2. "Substantial professional experience" shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in hospital emergency departments in the same or similar localities where the alleged negligence occurred.