MAY, MELANIE G., Associate Judge.
The split personality of the term “legal cause” and its application to this personal injury action reminds us of how critical the wording of jury instructions and verdict forms are to the outcome of a case. In the trial of this two car accident, the defense mounted a two-part assault on the plaintiffs theory of liability and damages: the plaintiffs negligence contributed to the accident, and the majority of the damages claimed were pre-existing and unrelated to the accident. Thus, “legal cause” was split and used not only to apportion fault in the accident, but to determine if the damages claimed related to the accident.
The agreed upon verdict form specifically asked the jury to determine the following.
Was there negligence on the part of the plaintiff Jagnarine Balkaran which was a legal cause of his damage.
[[Image here]]
State the percentage of any negligence which was a legal cause of damage to Jagnarine Balkaran and below that are each of the named parties, Jagnarine Balkaran and Marie Gootoff. Next to each of their names there’s a blank with a percentage mark.
The jury returned a verdict finding both parties negligent, and holding the plaintiff responsible for 93% of the damages. The plaintiff appealed, and raised, among other issues, the propriety of the apportioned responsibility for the damages. The defense responded by arguing that the apportionment could be attributable to either the plaintiffs negligence in causing the accident or the lack of a relationship between the claimed damages and the accident.
The Standard Jury Instructions and Verdict Forms provide an opportunity for the parties to distinguish between the percentage of fault for the accident and the percentage of injuries “caused” by the accident. Unfortunately, the agreed upon verdict form did not make that distinction *401 in this case. The verdict form could have, but did not, include either a separate interrogatory asking the jury to determine what percentage of fault each party contributed to the accident or how much of the claimed damages were attributable to the accident as opposed to the plaintiffs pre-existing condition. Without this information, the distinction between percentages of fault for the accident and the percentage of damage attributable to the accident became blurred. Neither the trial court nor this court can now discern whether the jury apportioned the plaintiffs responsibility based upon injuries unrelated to the accident or based upon the plaintiffs percentage of fault for the collision.
As previously stated, the verdict form was agreed to by both sides. There was substantial competent evidence to support the jury’s verdict. The jury instructions comported with the law. Therefore, we find that the trial court did not abuse its discretion in failing to grant a new trial. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). We affirm the final judgment and the trial court’s decision raised in the cross-appeal.
FARMER and TAYLOR, JJ., concur.