PER CURIAM.
 

 Joanne Ortega brought this personal injury action against Centre Pointe Partners, Inc., and M.D.R. Associates Limited, who were, respectively, the owner of the commercial building in which she was injured and the former owner. After a jury found that M.D.R. was not liable and awarded Ortega damages in the amount of $302,864 from Center Pointe, the trial court found that the verdict was against the manifest weight of the evidence and granted Centre Pointe’s motion for new trial. M.D.R. appeals, and we affirm.
 

 M.D.R. argues that the trial court erred when it granted Center Pointe’s motion for new trial on the ground that the verdict was against the manifest weight of the evidence. It is well settled in Florida, however, that because trial courts are in the best position to observe and comprehend what occurred at trial, a motion for a new trial that is granted on the ground that the verdict' is against the manifest weight of the evidence is “the exercise of a sound, broad discretion” that “should not be disturbed in the absence of a clear showing that it has been abused.”
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490, 496 (Fla.1999) (quoting
 
 Cloud v. Fallis,
 
 110 So.2d 669, 673 (Fla.1959)).
 

 M.D.R. cannot meet that high standard in this case. Having considered the evidence that was presented, the arguments that were made, and the instructions that were given to the jury, we cannot agree that the trial court clearly abused its discretion in determining that the jury likely misconstrued the evidence or the.law.
 
 Brown,
 
 749 So.2d at 498 (trial court’s ruling must be affirmed if reasonable persons could differ as to the propriety of the action taken, even where there is substantial, competent evidence in the record to support the jury verdict).
 

 We do not consider M.D.R.’s other argument, because it was not raised below and does not amount to fundamental error under the facts of this case.
 

 Affirmed.
 

 STEVENSON, MAY and LEVINE, JJ., concur.