31 So.3d 803 (2009)
Michael L. WEATHERLY and Carla Weatherly, Appellants,
v.
Joseph G. LOUIS and Jeanne Durellan, Appellees.
No. 3D07-2079.
District Court of Appeal of Florida, Third District.
December 2, 2009.
Rehearing Denied April 21, 2010.
*804 Ginsberg & Schwartz and Arnold R. Ginsberg; Pape & Chandler and Marc A. Chandler, Ft. Lauderdale, for appellants.
Clark Robb Mason Coulombe, Buschman & Cecere and James K. Clark; Elizabeth K. Russo, Miami, for appellees.
Before RAMIREZ, C.J., and COPE and LAGOA, JJ.
LAGOA, Judge.
Appellants Michael L. Weatherly ("Weatherly") and Carla Weatherly appeal from an adverse final judgment and from an order denying their motion for a new trial. On appeal, the Weatherlys argue that the verdict was against the manifest weight of the evidence. Because we conclude that the evidence adduced at trial was conflicting, we find that the trial court did not abuse its discretion in denying the motion, and affirm the adverse final judgment.

I. FACTUAL AND PROCEDURAL HISTORY

On November 19, 2003, a motorcycle driven by Weatherly, and an SUV driven by appellee, Joseph Louis ("Louis"), collided on Krome Avenue in Homestead, Florida. Weatherly sued Louis and the owner of the vehicle, Jeanne Durellan ("Durellan"). Following a trial, the jury returned *805 a verdict finding that Louis was not negligent.
At trial, Weatherly testified that, just before the accident, he was travelling on the left-hand side of the southbound lane of Krome Avenue when he saw Louis's SUV exiting a parking lot and making a left-hand turn across Krome's southbound lane onto the northbound lane. Weatherly testified that he flashed his headlights and honked his horn at Louis but ran into the left side of Louis's SUV.
Louis testified that he pulled out of the parking lot to turn left and that when he was in the middle of the street, he heard a boom when Weatherly's motorcycle hit his SUV. Louis further testified that prior to pulling out into the street, he looked left and no vehicles were approaching. Moreover, Louis testified that the light was red when he pulled out into the street. Weatherly testified that he did not run any red lights while driving home on the day of the accident.
A disinterested witness, Randy Fitzsimmons, testified that, before the accident, Weatherly passed him on the left and that he then saw Weatherly run two red lights. As a result of what he observed of Weatherly's driving, Fitzsimmons testified that he thought Weatherly was going to "kill himself." Fitzsimmons further testified that, while he did not see the impact, he came upon the accident just after it happened.
The jury returned a verdict finding that Louis was not negligent and was not the legal cause of damages to Weatherly. Weatherly filed a motion to set aside the verdict or, in the alternative, for a new trial, arguing that the verdict was against the manifest weight of the evidence. The trial court denied the motion and entered a final judgment in favor of Louis and Durellan. This appeal ensued.

II. STANDARD OF REVIEW

We review a trial court's denial of a motion for a new trial for abuse of discretion. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). In Brown, the Supreme Court articulated the following test for determining whether the trial court abused its discretion:
[A]n appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.
Id. at 497-98.
Accordingly, "[t]he question for an appellate court is not whether or not the [verdict] was contrary to the manifest weight of the evidence presented below.... Rather, the appellate court is limited to considering whether or not the trial court abused its discretion in denying a new trial. In order for [the appellate court] to reach that conclusion, the evidence must be clear and obvious, and not conflicting...." Dewitt v. Maruhachi Ceramics of Am., Inc., 770 So.2d 709, 711 (Fla. 5th DCA 2000).

III. ANALYSIS

On appeal, Weatherly argues that the trial court abused its discretion in denying the motion for a new trial. Weatherly contends that the verdict was against the manifest weight of the evidence, and the trial court, therefore, failed to apply the correct legal standard in denying his motion for a new trial.
Because a review of the record establishes that there was conflicting evidence *806 presented at trial, we cannot conclude that the trial court abused its discretion. See Dewitt, 770 So.2d at 711 (finding that "evidence must be clear and obvious, and not conflicting" in order for appellate court to determine that trial court abused its discretion in denying a new trial). Indeed, when, as here, the evidence is in conflict, the weight to be given that evidence is within the province of the jury. See K-Mart Corp. v. Collins, 707 So.2d 753, 755 (Fla. 2d DCA 1998). "Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, when there is no rational basis in the evidence to support the verdict." Rosario-Paredes v. J.C. Wrecker Serv., 975 So.2d 1205, 1207 (Fla. 5th DCA) review denied, 990 So.2d 1059 (Fla. 2008). Here, Weatherly's testimony that he did not run any red lights while driving home on the day of the accident was contradicted by a disinterested witness who testified otherwise. Moreover, Louis testified that prior to pulling out into the street from the parking lot, he looked left and no vehicles were approaching. Louis also testified that the light was red when he pulled out into the street.
Notwithstanding the conflicting evidence present in this case, the dissent contends that the trial court abused its discretion because the trial court failed to articulate specifically, either orally or in its written order, that the jury's finding was not "contrary to the manifest weight of the evidence." We respectfully disagree. First, there is nothing in the record that remotely suggests that the trial court misunderstood the test applied to a motion for new trial. Not only is the trial judge an experienced jurist, but Weatherly's own motion below articulated the standard he asked the trial court to apply.[1] Weatherly merely disagrees with the outcome of the trial court's ruling.
Second, there are no magic words a trial court must recite in denying or granting a motion for a new trial. Indeed, such a requirement would elevate form over substance.
Finally, much of the dissent focuses on the fact that part of Louis's SUV was still in the southbound lane of Krome when Weatherly hit the SUV. The dissent implies that this must be an indicia of some measure of negligence on Louis's part. Respectfully, the dissent ignores the conflicting evidence from both Louis and Fitzsimmons. It is not for this Court to decide which side's evidence is more persuasive or whether the trial court reached the result this Court would have reached. Our role is limited to determining whether conflicting evidence was presented at trialif so, we cannot find an abuse of discretion. Because the evidence was not clear and obvious *807 but was, in fact, conflicting, we are compelled to affirm the final judgment.
Affirmed.
RAMIREZ, J., concurs.
COPE, J. (dissenting).
Respectfully, the majority opinion misapprehends the legal issue which is presented here. The question is whether the trial court employed an incorrect legal standard in considering the motion for new trial. The court's oral pronouncement indicates that the trial court did, in fact, apply an incorrect standard. That being so, we are obliged to remand for a new hearing on the motion for new trial.
This is a personal injury lawsuit arising out of a collision between a motorcycle driven by plaintiff Michael L. Weatherly and a sports utility vehicle (SUV) driven by defendant Joseph G. Louis. The plaintiff was traveling southbound on Krome Avenue in a business district. The defendant was in a parking lot waiting to pull out across the southbound lane and turn left into the northbound lane. The defendant testified that he looked to the left, then to the right then back to the left and did not see any vehicle coming, including the plaintiff on his motorcycle. The defendant pulled out. The plaintiff struck the SUV in the driver's door and slid along the side of the SUV. When the vehicles came to rest, the rear wheels of the SUV were still in the plaintiff's (southbound) lane of Krome Avenue. The plaintiff's left foot was crushed and a portion of it was amputated.
The plaintiff sued the defendant for negligence and the defendant maintained that the plaintiff was guilty of comparative negligence. As stated in the majority opinion, there was conflicting evidence over whether the plaintiff was speeding or ran a red light before entering the block in which the accident occurred. The jury returned a defense verdict, finding no negligence at all on the part of the defendant driver.
The plaintiff filed post-verdict motions, including an amended motion for new trial. The amended motion contended that the verdict was against the manifest weight of the evidence. In this argument the plaintiff acknowledged that the verdict may be supported by some evidence, but that it is against the manifest weight of the evidence. The plaintiff maintained that, given the respective positions of the vehicles, the idea that the defendant was completely free of negligence was against the manifest weight of the evidence.
The trial court entertained argument and denied motion, stating in part:
I think there is evidence from which the jury could have found that either Mr. Louis was not negligent, that he didn't breach his duty of care not to create an unreasonable risk of harm or that if that did happen and he was negligent that his negligence was not the proximate cause of the accident. On either one of those two bases, I guess the jury could have found that there should not be a verdict against Mr. Louis.
I know that it is tough, but I invite you to take it up on appeal. Okay?
(Emphasis added).
Respectfully, the trial court's oral pronouncement indicates that the court applied an incorrect legal standard. There is a clear distinction between (1) determining that the evidence is legally sufficient to support the verdict, and (2) determining that the verdict is contrary to the manifest weight of the evidence. See Brown v. Estate of Stuckey, 749 So.2d 490, 495 (Fla. 1999).
The problem here is that the trial court's oral pronouncement revealed the *808 court proceeded only under concept (1), and determined that the verdict was supported by competent substantial evidence. The difficulty is that this part of the plaintiff's amended motion was not based on concept (1), but was instead based on concept (2): an argument that the verdict was against the manifest weight of the evidence. See id.
In moving for a new trial on the theory that the verdict was contrary to the manifest weight of the evidence, the plaintiff was necessarily conceding that there was competent substantial evidence to support the jury's verdict. The plaintiff's actual argument was that while the evidence may have been technically legally sufficient, the verdict was against the manifest weight of the evidence. Such a motion is unique because in deciding manifest weight, "the trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence." Id. at 497.
The Florida Supreme Court has said:
The trial judge's discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge's trained and experienced judgment, is an unjust verdict.
Id. at 495 (citation omitted).
The Brown court went on to explain that the trial judge is in a unique position to decide a "manifest weight" motion:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.

Id. at 496 (quoting Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959)). Once the trial court has ruled on a "manifest weight" motion, this court's standard of review is abuse of discretion. 749 So.2d at 497.
Here, the plaintiff's argument was that the jury's verdict (which found zero negligence on the part of the defendant) was contrary to the manifest weight of the evidence. The plaintiff contends that the verdict simply cannot be squared with the physical evidence in the case, because the impact occurred when the defendant's SUV was in the plaintiff's southbound lane.
Contrary to the position of the majority opinion, this is not an issue of "magic words" nor is it a mere quibble. Where the trial court has employed an incorrect legal standard, the remedy is to reverse the order and remand for a new hearing in accordance with the Brown decision.
NOTES
[1] Indeed, at the hearing before the trial court, the plaintiffs made the following arguments:

this verdict finding no negligence on the part of the defendant is against the manifest weight of the evidence.
* * * *
The grant of authority to a trial judge to order a new trial when the court concludes that a verdict is contrary to the manifest weight of the evidence simply constitutes a judicial policy decision.
* * * *
The court has the discretion here, even if what counsel argues is true that there is some evidence to say on the facts here the court cannot rationalize or reconcile he was in the plaintiff's lane of traffic, he did not yield, this verdict with a finding of one hundred percent negligence on the part of the plaintiff, .... given the undisputed testimony that he was impeding, we are not asking for a directed verdict. We are saying there should be a new trial on manifest weight of the evidence.