COPE, J.
(dissenting).
Respectfully, the majority opinion misapprehends the legal issue which is presented here. The question is whether the trial court employed an incorrect legal standard in considering the motion for new trial. The court’s oral pronouncement indicates that the trial court did, in fact, apply an incorrect standard. That being so, we are obliged to remand for a new hearing on the motion for new trial.
This is a personal injury lawsuit arising out of a collision between a motorcycle driven by plaintiff Michael L. Weatherly and a sports utility vehicle (SUV) driven by defendant Joseph G. Louis. The plaintiff was traveling southbound on Krome Avenue in a business district. The defendant was in a parking lot waiting to pull out across the southbound lane and turn left into the northbound lane. The defendant testified that he looked to the left, then to the right then back to the left and did not see any vehicle coming, including the plaintiff on his motorcycle. The defendant pulled out. The plaintiff struck the SUV in the driver’s door and slid along the side of the SUV. When the vehicles came to rest, the rear wheels of the SUV were still in the plaintiffs (southbound) lane of Krome Avenue. The plaintiffs left foot was crushed and a portion of it was amputated.
The plaintiff sued the defendant for negligence and the defendant maintained that the plaintiff was guilty of comparative negligence. As stated in the majority opinion, there was conflicting evidence over whether the plaintiff was speeding or ran a red light before entering the block in which the accident occurred. The jury returned a defense verdict, finding no negligence at all on the part of the defendant driver.
The plaintiff filed post-verdict motions, including an amended motion for new trial. The amended motion contended that the verdict was against the manifest weight of the evidence. In this argument the plaintiff acknowledged that the verdict may be supported by some evidence, but that it is against the manifest weight of the evidence. The plaintiff maintained that, given the respective positions of the vehicles, the idea that the defendant was completely free of negligence was against the manifest weight of the evidence.
The trial court entertained argument and denied motion, stating in part:
I think there is evidence from which the jury could have found that either Mr. Louis was not negligent, that he didn’t breach his duty of care not to create an unreasonable risk of harm or that if that did happen and he was negligent that his negligence was not the proximate cause of the accident. On either one of those two bases, I guess the jury could have found that there should not be a verdict against Mr. Louis.
I know that it is tough, but I invite you to take it up on appeal. Okay?
(Emphasis added).
Respectfully, the trial court’s oral pronouncement indicates that the court applied an incorrect legal standard. There is a clear distinction between (1) determining that the evidence is legally sufficient to support the verdict, and (2) determining that the verdict is contrary to the manifest weight of the evidence. See Brown v. Estate of Stuckey, 749 So.2d 490, 495 (Fla.1999).
The problem here is that the trial court’s oral pronouncement revealed the *808 court proceeded only under concept (1), and determined that the verdict was supported by competent substantial evidence. The difficulty is that this part of the plaintiffs amended motion was not based on concept (1), but was instead based on concept (2): an argument that the verdict was against the manifest weight of the evidence. See id.
In moving for a new trial on the theory that the verdict was contrary to the manifest weight of the evidence, the plaintiff was necessarily conceding that there was competent substantial evidence to support the jury’s verdict. The plaintiffs actual argument was that while .the evidence may have been technically legally sufficient, the verdict was against the manifest weight of the evidence. Such a motion is unique because in deciding manifest weight, “the trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence.” Id. at 497.
The Florida Supreme Court has said:
The trial judge’s discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s trained and experienced judgment, is an unjust verdict.
Id. at 495 (citation omitted).
The Brown court went on to explain that the trial judge is in a unique position to decide a “manifest weight” motion:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.
Id. at 496 (quoting Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959)). Once the trial court has ruled on a “manifest weight” motion, this court’s standard of review is abuse of discretion. 749 So.2d at 497.
Here, the plaintiffs argument was that the jury’s verdict (which found zero negligence on the part of the defendant) was contrary to the manifest weight of the evidence. The plaintiff contends that the verdict simply cannot be squared with the physical evidence in the case, because the impact occurred when the defendant’s SUV was in the plaintiffs southbound lane.
Contrary to the position of the majority opinion, this is not an issue of “magic words” nor is it a mere quibble. Where the trial court has employed an incorrect legal standard, the remedy is to reverse the order and remand for a new hearing in accordance with the Brown decision.