PER CURIAM.
 

 Robert J. Waters and Suzanne J. Waters appeal an order granting a new trial following a jury trial in which the jury returned a verdict finding that Christopher Beechler, Suzanne M. Beechler, and Beechler-Waters, Inc., appellees, had
 
 *37
 
 breached a stock purchase agreement entered into among the parties in 2004; that the Waters had not breached a subsequent stock purchase agreement entered into among the parties in 2006; and that the Waters had breached their fiduciary duty as directors of Beechler-Waters, Inc. The jury awarded damages to Waters in the amount of $751,099 and to the Beechlers in the amount of $38,235.46. As we read the order under review, in essence, the trial court determined that the jury’s verdict was contrary to the manifest weight of the evidence. This court reviews the trial court’s order using an abuse of discretion standard of review.
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490 (Fla.1999). In
 
 Brown,
 
 the Supreme Court explained the trial court’s discretionary authority to grant a new trial in this circumstance:
 

 The trial judge’s discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s trained and experienced judgment, is an unjust verdict.
 

 Brown,
 
 749 So.2d at 495 (citations omitted).
 
 Brown
 
 also describes our standard of review, as follows:
 

 When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
 

 Brown,
 
 749 So.2d at 497-98. Under the facts here, we find no abuse of discretion in granting the motion for new trial.
 

 AFFIRMED.
 

 KAHN, VAN NORTWICK, and THOMAS, JJ., concur.