EMAS, J.
State Farm Mutual Automobile Insurance Company (“State Farm”) appeals an order granting a new trial, following a jury verdict in favor of State Farm. A trial court’s order granting a new trial should not be disturbed except upon a clear showing of abuse of discretion. Brown v. Estate of A.P. Stuckey, 749 So.2d 490 (Fla. 2000).
When a trial judge “concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.” Id. at 496, (quoting Cloud v. Fallís, 110 So.2d 669, 673 (Fla.1959)). The trial court has broad discretion in this regard, and the mere existence of competent substantial evidence to support the jury’s verdict does not necessarily demonstrate an abuse of that discretion. Brown, 749 So.2d at 497.
However, as this Court has previously recognized, “the trial judge should refrain from acting as an additional juror.” Midtown Enterps, Inc. v. Local Contractors, Inc., 785 So.2d 578 (Fla. 3d DCA 2001). “The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s trained and experience judgment, is an unjust verdict.” Brown, 749 So.2d at 495. Where the “evidence was not manifestly weighted to either side,” a trial judge’s decision to grant a new trial may be reversed. See Hernandez v. Feliciano, 890 So.2d 401, 404 (Fla. 5th DCA 2004).
Having considered the entire record, together with the trial court’s findings in its order granting a new trial, a clear showing has been made that the trial court abused its discretion in granting a new trial. We therefore vacate the order granting a new trial, and remand this cause with instructions to reinstate the jury’s verdict.
Reversed and remanded with instructions.