VAN NORTWICK, J.
Keith Jordan and Lesley Jordan, defendants in a statutory liability suit filed by Terry Lee Brown and her husband, John E. Brown, Jr., appellees, pursuant to section 767.01, Florida Statutes (1995), appeal an amended final order determining that the jury verdict in their favor was against the manifest weight of the evidence and awarding the Browns a new trial. Because we conclude that the trial court abused its discretion, we reverse.
Mrs. Brown was employed as a home health aide by Tallahassee Memorial Regional Medical Center. In that capacity, she worked in the Jordans’ home. While at the Jordans’ home, the Jordans’ dog aggressively jumped on Mrs. Brown, causing her to fall. She finished work that day. Over the next few days Mrs. Brown saw several physicians complaining of back pain. The Browns filed an action against the Jordans seeking damages for statutory liability under section 767.01, Florida Statutes (1995)(“Owners of dogs shall be liable for any damage done by their dogs to a person....”). The Jordans acknowledged that their dog caused Mrs. Brown to fall, admitted liability under section 767.01, but denied that she suffered any injury.
Because the Jordans admitted statutory liability, at trial, the central issue was whether Mrs. Brown had suffered an injury in the fall. The medical records and notes or testimony of the physicians who examined her for complaints of pain were introduced into evidence. The record reflects that none of these physicians found any objective basis for Mrs. Brown’s subjective complaints of pain or could opine that she suffered any permanent injury as a result of the fall. Mrs. Brown introduced the testimony of a chiropractor and a physical rehabilitation doctor, each of whom opined that she had suffered a permanent injury.
At trial, the Jordans also introduced a surveillance tape of Mrs. Brown, which showed her fully ambulatory and having no difficulty performing her varied work tasks. This tape was markedly different than a videotape taken of Mrs. Brown in the doctor’s office only a few months earlier, in which Mrs. Brown appeared to be having considerable difficulty performing tasks. Counsel for the Jordans stressed the differences in these videos to the jury, challenging Mrs. Brown’s credibility. In addition, the Jordans demonstrated inconsistencies in Mrs. Brown’s testimony and her lack of candor with the economist who testified as an expert on her behalf.
On the jury verdict form, the first question for the jury was whether Mrs. Brown had suffered an injury as a result of the fall caused by the Jordans’ dog. At the conclusion of the trial, the jury returned a verdict finding that Mrs. Brown had not suffered an injury as a result of the fall. Accordingly, the jury never answered the remaining questions concerning the amount of damages sustained by Mrs. Brown.
Thereafter, the Browns filed a motion for new trial or, alternatively, motion for an additur. The trial court entered an *233 order granting a new trial. The initial order, however, failed to set forth the specific grounds for the trial court’s action. Pursuant to rule 1.530(f), Florida Rules of Civil Procedure, and Prime Motor Inns, Inc. v. Wattman, 480 So.2d 88, 89-90 (Fla.1985), this court relinquished jurisdiction and the trial entered an amended order granting new trial which provides, in pertinent part, as follows:
The uncontroverted evidence at trial was that the plaintiff had fallen and been injured when the defendants’ dog aggressively jumped on or at her. There was no conflicting testimony as to the reason for the plaintiffs fall. The identity and ownership of the dog were not even contested issues. There was un-controverted testimony that plaintiff was injured and incurred medical bills as a result of the fall. There was substantial controversy over the extent of the plaintiffs injury, but none over the fact that she was permanently injured as a result of the dog’s conduct. The jury returned a verdict finding that the dog’s conduct was not the legal cause of the plaintiffs injury. The verdict failed to comport with the manifest weight of the evidence. Accordingly, the plaintiff is entitled to a new trial.
The trial judge has broad discretionary authority in granting a new trial on the grounds that the verdict is contrary to the manifest weight of evidence. See Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980). As the Broum court explained:
The trial judge’s discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s trained and experienced judgment, is an unjust verdict.
Brown, 749 So.2d at 495 (citations omitted). The trial court should always grant a new trial if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). Brown also explained our standard of review in an appeal of an order granting a new trial:
When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
Brown, 749 So.2d at 497-98.
Here, the trial court ruled that the verdict was contrary to the manifest weight of the evidence. This determination was based solely on the trial court’s findings, as stated in the order under review, that “[t]here was uncontroverted testimony that plaintiff was injured and incurred medical bills as a result of the fall” and, further, although there was substantial controversy over the extent of her injuries, that there was “none over the fact that she was permanently injured as a *234 result of the dog’s conduct.” We find no record basis, however, to support the trial court’s reasoning in the order under review.
Liability was not contested at trial. However, whether Mrs. Brown had been injured in the fall and the extent of her injuries were hotly contested, contrary to the findings of the trial court’s order. Mrs. Brown’s case turned largely upon her testimony that she injured her back in the fall caused by the Jordans’ dog. The Jor-dans introduced considerable testimony and a surveillance tape which demonstrated inconsistencies in her story on material issues in the case. The Jordans’ impeachment of Mrs. Brown’s testimony was legally sufficient to place her credibility in question. As a result, the jury was entitled to judge her credibility and accept or reject her testimony on all issues. See Roach v. CSX Transportation, Inc., 598 So.2d 246, 250 (Fla. 1st DCA 1992). Because Mrs. Brown’s entire case rose or fell on her testimony, “if the jury disbelieved [Mrs. Brown’s] story, then [her] entire claim for damages for injuries collapsed.” Chomont v. Ward, 103 So.2d 635, 637-38 (Fla.1958).
In reviewing an order granting new trial we are dependent on the trial court to articulate reasons supporting its order. Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978)(“Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.”). For the reasons explained above, we conclude that the trial court’s finding that there was no controversy over the fact that Mrs. Brown was permanently injured has no support in the record and is clearly erroneous. Further, because it is clear from the record that the issue of whether plaintiff was injured in the fall was highly controverted, the trial court’s finding that “[t]here was uncontroverted testimony that plaintiff was injured” is similarly clearly erroneous. Accordingly, we find that the trial court abused its discretion under the Brown test. Brown, 749 So.2d at 496-98; see also Borino v. Publix Supermarkets, Inc., 825 So.2d 424, 426-27 (Fla. 4th DCA 2002); Department of Transportation v. Rosario, 782 So.2d 927 (Fla. 2d DCA 2001); Bailey v. Sympson, 148 So.2d 729, 731 (Fla. 3d DCA 1963).
The trial court’s order granting a new trial is REVERSED.
BOOTH AND HAWKES, JJ., CONCUR.