974 So.2d 573 (2008)
John J. JONES, Appellant,
v.
Mary D. ATKINSON, an individual, Appellee.
No. 1D07-1187.
District Court of Appeal of Florida, First District.
February 19, 2008.
*574 Stephen E. Day and Rhonda E. Boggess of Taylor, Day, Currie, Boyd & Johnson, Jacksonville, for Appellant.
Bryan S. Gowdy of Mills & Creed, P.A., Jacksonville, for Appellee.
KAHN, J.
Appellant John J. Jones, the defendant below, appeals the trial court's order *575 granting a new trial. We must reverse because the trial judge ordered a new trial for reasons not legally sustainable.

BACKGROUND
This case arose from an automobile accident in Nassau County on April 20, 2004, when appellee Mary Atkinson, driving west on State Road A1A, collided with appellant's one-ton pickup truck with a travel trailer in tow, turning to the north, across A1A at its intersection with Interstate 95. Ms. Atkinson sustained back and neck injuries that, according to her, caused persistent pain. .She filed this lawsuit on March 30, 2005, to recover damages for, among other things, bodily injury, pain and suffering, disability, hospitalization expenses, medical and nursing care and treatment, and aggravation of a pre-existing condition.
At trial, the parties intensely disputed whether Ms. Atkinson's negligence contributed to the accident and whether she sustained permanent injuries requiring future medical care. Mr. Jones theorized at trial that Ms. Atkinson negligently changed lanes, from the left westbound lane of A1A, which was obstructed by vehicles waiting for Mr. Jones to cross, to the unobstructed right lane, where the impact occurred. Appellant also produced the testimony of an accident reconstructionist, who testified that Ms. Atkinson might have contributed to the accident by changing lanes suddenly and failing to brake to avoid the impact. Ms. Atkinson testified she had maintained her course in the right lane at all times, but that she remembered little else about the accident sequence after defendant's truck appeared in her path.
The parties also disputed whether Ms. Atkinson sustained permanent injuries requiring future medical treatment. Appellee's examining neurologist, Dr. Manley Kilgore, diagnosed several sprain and soft-tissue injuries that would likely cause permanent discomfort and "set up a chronic pattern of pain." Her treating chiropractor, Dr. Kerry Kornacki, testified Ms. Atkinson sustained a "permanent injury" to her lower back and would "have an increase in her symptoms and . . . may actually [need] further invasive-type treatments." Dr. Christopher Roberts, Ms. Atkinson's pain management physician, testified she would require, among other things, epidural and facet injections, periodic diagnostic imaging, and visits to doctors to manage her pain, which would likely worsen "for the rest of her life."
Appellant offered a different perspective; his expert neurologist, Dr. James Nealis, testified during a videotaped deposition played before the jury that, upon examining appellee, he found no permanent injuriesonly "degenerative," possibly arthritic, conditions in her cervical spine that predated the accident. The trial court, however, excluded, for reasons not here germane, Dr. Nealis' testimony reflecting his additional and more specific conclusion that the accident did not cause physical injuries necessitating future medical expenses.
The jury returned a verdict apportioning liability approximately evenly between the parties. As to damages, the jury found that appellee's past medical damages and lost income totaled $48,100.17 and $15,000, respectively, but that appellee proved no entitlement to future medical expenses or lost ability to earn money in the future. Ms. Atkinson moved for judgment notwithstanding the verdict or, alternatively, a new trial, arguing the verdict, with its nearly even split of liability, ran against the manifest weight of evidence. A subsequently prepared memorandum of law in support of the motion, however, contended the verdict reflected an impermissible compromise by jurors conflicted over the *576 extent of liability and the plaintiffs entitlement to damages.
The trial judge, on January 30, 2007, granted appellee's motion and ordered a new trial solely on the basis of compromise verdict. Mr. Jones appeals the order granting a new trial. For the reasons that follow, we reverse and remand the case for entry of judgment on the jury's verdict.

ANALYSIS
Florida appellate courts have long recognized the trial judge's broad discretion to rely "on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper channel," and to order a new trial when a jury's verdict offends the judge's sensibilities and suggests the search for truth has been improperly diverted. Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959). Accordingly, a trial judge may, at his or her discretion, order a new trial "on the grounds that the verdict is inadequate or excessive, against the manifest weight of the evidence, or both." Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999). Some cases hold, furthermore, that a trial judge might also properly grant a new trial when the judge believes that conflicted jurors compromised in their apportionment of liability in an effort to avoid awarding one party substantial damages. See, e.g., Watson v. Builders Square, Inc., 563 So.2d 721, 722 (Fla. 4th DCA 1990) (holding that trial judge may find compromise and order new trial "when a damage award is clearly inadequate and the issue of liability is hotly contested").
The trial judge does not, however, possess unqualifiedly broad discretion when ordering a new trial. Florida Rule of Civil Procedure 1.530(f) requires that "[a]ll orders granting a new trial shall specify the specific grounds therefor," and, as this court observed in Jordan v. Brown, "[i]n reviewing an order granting new trial we are dependent on the trial court to articulate reasons supporting its order." 855 So.2d 231, 234 (Fla. 1st DCA 2003) (citing Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978)); see also Int'l Ins. Co. v. Balton, 403 So.2d 1071, 1077 (Fla. 4th DCA 1981) (limiting review to trial judge's stated reasons for new trial, rejecting each of them, and concluding that "the trial judge in this case acted as a seventh juror with veto power").
In the present case, plaintiff moved for a new trial as an alternative to judgment notwithstanding the verdict and initially posited, inter alia, that the verdict ran against the manifest weight of the evidence. Then, however, in a subsequent letter to the trial judge accompanying a memorandum of law in support of the motion, plaintiffs trial attorney wrote the verdict "was clearly the product of impermissible compromise," citing the jury's "assignment of comparative negligence and awarding of damages."
The trial judge completely adopted counsel's reasoning in the order, the dispositive sentence of which sets forth the finding that
the jury's failure to award future medical costs from testimony requiring future medical care and costs for Plaintiff, in the absence of any testimony that such costs were unnecessary, considered in light of an attribution of almost equal fault from testimony devoid of significant, if any, evidence of negligent conduct by Plaintiff[,] suggests a verdict based in compromise, an impermissible basis under Florida [l]aw.
The order is internally inconsistenta finding of compromise would be supported by a record full of "hotly contested" evidence of comparative fault, see Watson, 563 So.2d at 721, not one "devoid of significant, *577 if any, evidence" of plaintiffs negligence. We are unable to conclude, therefore, that the trial judge reasonably exercised his discretion in ordering a new trial. Moreover, the judge's conclusion that the record was "devoid" of evidence of plaintiff's negligence is clearly erroneous; defendant's theory that plaintiff was comparatively negligent figures prominently in the record, particularly in the extensive testimony of defendant's expert accident reconstructionist, who described one possible scenario in which, in his opinion, plaintiff may have contributed to the accident.
The trial court's other characterization of record evidence is also unsupported. In a subsequent portion of the fact-reciting sentence in the order, the judge determined that medical evidence "required" the award of future medical costs. To the contrary, although the judge excluded the defense doctor's opinion that the accident did not cause plaintiff's continuing need for medical treatment, the jury heard the doctor's testimony that plaintiff did not suffer from any permanent condition at all. Although the appellate court's task is not to simply determine whether competent, substantial evidence supports the jury's verdict (this evidence would), see Estate of Stuckey, 749 So.2d at 498, we cannot conclude the judge reasonably exercised his discretion when the order is premised on such a prominent misconstruction of the record evidence.
We have considered, but decline to apply in this case, the "tipsy coachman" doctrine, whose parameters the supreme court expressed in Dade County School Board v. Radio Station WQBA, 731 So.2d 638 (Fla.1999). By an unambiguous civil procedure rule, a trial judge is required to state the reasons for granting a new trial. Fla. R. Civ. P. 1.530(f). We have previously expressed our reliance on trial judges to articulate the reasons for granting new trials so that we can intelligently review their orders, and we and other district courts of appeal have confined review of such orders to their stated reasons. See, e.g., Jordan, 855 So.2d at 234; see also Ballon, 403 So.2d at 1074-75. Indeed, the supreme court has made clear that we review orders granting new trials for abuse of discretion because the trial judge has the benefit of "contact with the trial and . . . observation of the behavior of those upon whose testimony the finding of fact must be based" and is thus "better positioned than any other one person" or an appellate court, relegated to the "cold type" of the record, to assess the fairness of a jury's verdict. Cloud, 110 So.2d at 673; see also Estate of Stuckey, 749 So.2d at 498.
We are bound, when reviewing a new-trial order, by the standard proclaimed in Estate of Stuckey and construed by this court in Jordan. Accordingly, we have reviewed the trial court's exercise of discretion, and have not speculated on what some other judge (or we ourselves) might have done.

CONCLUSION
In light of the foregoing, we REVERSE the trial court's order granting a new trial, and we REMAND the case for the trial judge to enter judgment on the jury verdict.
WEBSTER and ROBERTS, JJ., concur.