GRIFFIN, J.
 

 Appellant, Christopher Corbett [“Cor-bett”], appeals an order granting, in part, Appellees, Elizabeth Wilson and William Wilson’s [“the Wilsons”] motion for new trial after a jury trial in an auto accident case. We reverse.
 

 The Wilsons brought suit against Cor-bett, seeking recovery for personal injuries allegedly resulting from an April 2007 accident, including “permanent traumatic brain injury” and “post traumatic stress disorder [“PTSD”]. Corbett admitted liability. The two-week trial dealt with the issues of causation, permanency, and damages.
 

 Finding that Corbett was the legal cause of injuries to Ms. Wilson, the jury returned a verdict awarding Ms. Wilson $15,000 in past medical expenses and $10,000 on Mr. Wilson’s loss of consortium claim. The jury found against the Wilsons on the issue of permanent injury and gave no award for pain and suffering, future economic damages, or future loss of consortium damages.
 

 Thereafter, the Wilsons filed a motion for additur or, in the alternative, motion for new trial. The Wilsons claimed they presented unrebutted expert testimony on
 
 *133
 
 the issue of permanency and, as a result, they were entitled to a finding of permanency as a matter of law. Corbett countered that the expert testimony on the issue of permanency was not unrebutted and, further, that there was plenty of non-expert evidence to support the jury’s verdict.
 

 The trial court granted the Wilsons’ motion for new trial. The trial court first determined that a jury verdict adverse to a plaintiff on the issue of personal injury cannot be sustained unless there is expert testimony that contradicts the plaintiffs expert opinion. The trial court conflated the testimony of Dr. Daño Leli, who opined that Ms. Wilson suffered from PTSD as a result of the accident, and the testimony of Dr. Ira Goodman, who testified that chronic PTSD is a permanent condition, to conclude, that together, these two experts established that Ms. Wilson suffered from a permanent condition of PTSD as a result of the accident. The order found further that Corbett failed to produce any admissible evidence to contradict this expert testimony. Ms. Wilson’s physician, Dr. Afield, had testified at the trial that Ms. Wilson suffered accident-related PTSD and that it was permanent, but Corbett’s counsel had impeached Dr. Afield’s trial testimony with his prior deposition testimony where he had opined that Ms. Wilson did not have PTSD. The court decided that Corbett could not use the impeachment testimony as substantive evidence. Because the deposition testimony of Dr. Afield could not qualify as rebutting expert testimony and the jury was not permitted to disregard unrebutted expert testimony, the verdict was against the manifest weight of the evidence, reasoned the trial judge.
 

 The trial court’s decision to grant a new trial on the ground that the verdict is contrary to the manifest weight of the evidence is reviewed for abuse of discretion.
 
 See Brown v. Estate of Stuckey,
 
 749 So.2d 490, 497-98 (Fla.1999). The
 
 Brown
 
 court explained:
 

 When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
 

 Id.
 
 at 497-98. Mindful of that standard, we are nevertheless bound to reverse because the legal premises on which the trial court proceeded to find the verdict to be against the manifest weight of the evidence were erroneous. The trial court ruled that: “This prior inconsistent testimony [of Dr. Afield] while impeaching cannot constitute substantive evidence in its own right and, therefore, cannot constitute contradictory evidence as to witnesses other than Dr. Afield.” In reaching this conclusion, the trial court cited
 
 Tomlinson v. Peninsular Naval Stores, Co.,
 
 61 Fla. 453, 55 So. 548 (1911);
 
 Thomas v. State,
 
 289 So.2d 419 (Fla. 4th DCA 1974); and
 
 Wallace v. Rashkow,
 
 270 So.2d 743 (Fla. 3d DCA 1972).
 

 Corbett correctly contends on appeal that the case law relied upon by the trial court to exclude Dr. Afield’s prior inconsistent testimony is no longer good law. Dr. Afield’s sworn deposition testimony is admissible as substantive evidence pursuant to section 90.801(2)(a), Florida Statutes, as a prior inconsistent statement.
 
 *134
 
 The Wilsons implicitly concede that the trial court’s ruling on this point of law was wrong. Instead, they contend that the testimony, though not objected to, was inadmissible because the two opinions of Dr. Afield are not truly inconsistent.
 

 Before Florida’s adoption of the evidence code, prior inconsistent statements could not be admitted as substantive evidence.
 
 State v. Green,
 
 667 So.2d 756, 758 (Fla.1995);
 
 State v. Delgado-Santos,
 
 497 So.2d 1199 (Fla.1986). The 1978 adoption of the evidence code allowed, for the first time, the use of prior inconsistent statements as substantive evidence under the conditions set forth in section 90.801(2)(a).
 
 Delgado-Santos v. State,
 
 471 So.2d 74 (Fla. 3d DCA 1985),
 
 approved,
 
 497 So.2d 1199 (Fla.1986). As the supreme court indicated in
 
 Moore v. State,
 
 452 So.2d 559, 561-62 (Fla.1984), “section 90.801(2)(a) was inspired in part by Federal Rule of Evidence 801(d)(1), which requires the statement to have been given under oath, subject to the penalty of perjury, at a trial, hearing, or deposition.”
 
 See also Webb v. State,
 
 426 So.2d 1033 (Fla. 5th DCA 1983). Section 90.801(2)(a), Florida Statutes (2009) provides:
 

 (2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
 

 (a) Inconsistent with the declarant’s testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition; ...
 

 Prior inconsistent statements that were made under oath subject to the penalty of perjury at a prior trial, hearing or other proceeding, or in a deposition, are admissible under Florida law as substantive evidence, so long as the declarant testifies at the trial or hearing at which the statement is offered, and is subject to cross-examination. § 90.801(2)(a), Fla. Stat. (2009);
 
 Pearce v. State,
 
 880 So.2d 561, 569 (Fla.2004).
 
 [1]
 

 The trial court also incorrectly concluded that expert testimony unrebutted by other expert testimony cannot be rejected by the jury. The jury is free to weigh the credibility of an expert witness, just as any other witness, and to reject such testimony, even if uncontradicted.
 
 See Frank v. Wyatt,
 
 869 So.2d 763 (Fla. 1st DCA 2004).
 

 The jury verdict must be reinstated.
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ., concur.
 

 [1]
 

 .
 
 See also
 
 90.803(22). We reject the Wilsons’ contention that the deposition opinion and the trial opinions of Dr. Afield were not inconsistent because the latter opinion evolved from his reading the opinions of other experts.