ON MOTION FOR REHEARING
 

 ROWE, J.
 

 We grant the appellees’ motion for rehearing, withdraw our prior opinion, and substitute the following opinion.
 

 
 *1107
 
 Daniel Schmidt, the defendant in a personal injury suit filed by Charles and Rilla Van, appeals a final order determining that the jury verdict in his favor was against the manifest weight of the evidence and awarding the Vans a new trial. Because we conclude that the trial court abused its discretion, we reverse and remand for the trial court to reinstate the jury verdict.
 

 Facts and Procedural History
 

 The Vans brought suit against Mr. Schmidt, seeking recovery for personal injuries allegedly sustained in an October 2007 automobile accident, requiring Mr. Van to undergo a cervical spinal fusion surgery in September 2009. Mr. Schmidt did not contest his liability for causing the automobile accident, but instead argued that the accident was not the cause of Mr. Van’s injury or need for medical treatment. Mr. Schmidt’s defense centered on the minor nature of the automobile accident, Mr. Van’s medical history which included a prior cervical spinal fusion surgery in 1991, a 1998 automobile accident in which Mr. Van was ejected from the vehicle, and diagnoses of emphysema and spinal degenerative disease.
 

 After a three-day trial, the jury returned a verdict in favor of Mr. Schmidt, finding that Mr. Van had not suffered an injury as a result of the 2007 accident. Thereafter, the Vans filed a motion for a new trial and the trial court granted the motion. The trial court concluded that the jury’s verdict finding no causation was contrary to the manifest weight of the evidence in light of the testimony of the three expert medical witnesses, one of whom was a defense witness, who each opined that Mr. Van’s injury and resulting surgery was caused at least in part by the 2007 accident. While acknowledging Mr. Schmidt’s arguments and the evidence offered in support thereof, the trial court disregarded all lay testimony bearing on causation of Mr. Van’s injuries. The court expressly concluded that in the absence of expert testimony regarding accident reconstruction or other “technical matters” affecting causation for the injury, “[n]o reasonable juror would conclude ‘no causation’ ... in light of the opinions of the three doctors.” With regard to Mr. Van’s credibility, the court found, “[h]is credibility had little, if any, weight on the issue of causation in light of the uncontroverted opinions of the three informed and credible doctors.” With regard to Mr. Van’s preexisting spinal degeneration, the court again found the expert testimony to outweigh other evidence: “No reasonable juror would conclude that degeneration, to the exclusion of the collision, was the cause of Plaintiffs injury in light of the testimony of the three doctors.”
 

 Analysis
 

 A trial court’s decision to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is reviewed for abuse of discretion.
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490 (Fla.1999). In
 
 Brown,
 
 the Florida Supreme Court explained the highly deferential standard of review an appellate court must apply when reviewing an order granting a new trial:
 

 When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply a reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.
 

 Id.
 
 at 497-98;
 
 see also Trujillo v. Uniroyal Tire Co.,
 
 753 So.2d 1256 (Fla.2000).
 

 However, a reviewing court may find that the trial court abused its discretion in determining that the manifest
 

 
 *1108
 
 weight of the evidence was contrary to the verdict and granting a new trial in two circumstances: (1) where the evidence in the record does not support the trial court’s determination; or (2) where the trial court’s determination rests on an incorrect conclusion of law.
 
 See Jordan v. Brown,
 
 855 So.2d 231, 234 (Fla. 1st DCA 2003) (reversing order granting new trial where “no record basis” supported the reasons set forth in the trial court’s order);
 
 Corbett v. Wilson,
 
 48 So.3d 131, 133 (Fla. 5th DCA 2010) (reversing order granting new trial where determination was based on improper legal premise).
 

 In
 
 Corbett,
 
 the Fifth District reversed a trial court’s order granting a new trial holding that reversal was necessary because the trial court’s premise for granting the new trial was legally improper:
 

 [W]e are nevertheless bound to reverse because the legal premises on which the trial court proceeded to find the verdict to be against the manifest weight of the evidence were erroneous.
 

 Id.
 
 at 133.
 

 In this case, as in
 
 Corbett,
 
 the trial court’s determination that the jury verdict was against the manifest weight of the evidence was premised on an erroneous conclusion of law. Specifically, the court concluded that based on the evidence introduced through the testimony of the expert witnesses relative to causation, the jury could not determine that the 2007 accident caused no injury to Mr. Van, despite conflicting lay testimony and evidence introduced at trial. This was error.
 

 It is well-established that a jury may reject any testimony, including testimony of experts.
 
 See Shaw v. Puleo,
 
 159 So.2d 641, 644 (Fla.l964)(holding the jury is free to “accept or reject the testimony of a medical expert just as it may accept or reject that of any other expert”);
 
 Frank v. Wyatt,
 
 869 So.2d 763 (Fla. 1st DCA 2004). Indeed, the Standard Jury Instruction (Civil) 601.2(b), which was appropriately read to the jury in this case, provides that the jury “may accept [expert witness] opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.” However, “the jury’s ability to reject [expert] testimony must be based on some reasonable basis in the evidence.”
 
 Wald v. Grainger,
 
 64 So.3d 1201, 1205-06 (Fla.2011). Lay testimony or evidence which conflicts with the expert testimony, as well as conflicting testimony by the plaintiff may provide a reasonable basis for rejecting expert testimony.
 
 Id.
 

 The expert testimony in this case conflicted with much of the lay testimony presented to the jury. In such cases, where expert testimony conflicts with lay testimony, the trial court should defer to the jury to weigh the evidence.
 
 Easkold v. Rhodes,
 
 614 So.2d 495 (Fla.1993). In
 
 Eas-kold,
 
 a personal injury case arising from an automobile accident, the supreme court recognized the role of the jury as the fact-finder in civil cases and found that it is within the jury’s authority to weigh the credibility of expert testimony against conflicting lay testimony: “[E]ven though the facts testified to by [the medical experts] were not within the ordinary experience of the members of the jury, the jury was still free to determine their credibility and to decide the weight to be ascribed to them in the face of conflicting lay evidence.”
 
 Id.
 
 at 498 (quoting
 
 Shaw v. Puleo,
 
 159 So.2d 641, 644 (Fla.1964)). In
 
 Easkold,
 
 where there was uncontradicted expert testimony of permanent injuries, the supreme court held that a jury could reject the expert testimony in regard to the victim’s injuries in view of lay testimony or other facts in evidence, such as that the victim had not
 
 *1109
 
 accurately reported her medical history to the testifying physicians.
 
 Id.
 
 at 497.
 

 Here, in addition to the medical experts, the jury heard testimony from several witnesses, including the plaintiffs, Mr. and Mrs. Van. Evidence and testimony introduced at trial portrayed the accident as a mere fender-bender. The jury examined photographs depicting the damage to the Vans’ vehicle, which was described by Mr. Van as a crack or scrape on the back bumper. Mr. Van further testified that the total damage to his vehicle was estimated to be approximately $800; at the time of trial (about 2 1/2 years after the accident) the damage to the bumper had not been repaired; and the vehicle was still being driven by Mrs. Van.
 

 Other testimony offered at trial demonstrated that Mr. Van had an extensive medical history, which included a prior surgery, another automobile accident, and several significant medical diagnoses. Mr. Van testified that he had undergone a prior cervical spinal fusion surgery in 1991. Mr. Van testified that he had been in an automobile accident in 1998, in which he was ejected from the vehicle. Mr. Van testified that he had a back sprain shortly before the 2007 accident. In addition, medical records were introduced at trial revealing that Mr. Van had visited a hospital in 2006, complaining of severe lower back pain; that Mr. Van had visited the hospital less than a month before the 2007 accident, complaining of the same symptoms; and that he was taking the pain medication, Lortab, at the time of the 2007 accident.
 

 Through the testimony of the medical experts, the jury heard that Mr. Van had pre-existing degeneration of his cervical spine. On cross-examination, Mr. Van revealed a number of other medical conditions affecting his overall health. Mr. Van testified that he had been diagnosed with emphysema in the early 1970’s and that he had been hospitalized four times in the year leading up to trial for breathing problems, clogged lungs, pneumonia, and cardiac surgery.
 

 Testimony introduced at trial also demonstrated inconsistencies in Mr. Van’s story on material issues in the case, placing his credibility into question. Despite Mr. Van’s testimony regarding his extensive medical history and pre-existing medical conditions, and that he had not been employed since the 1970’s, he nonetheless testified that before the 2007 automobile accident he was able to work around the house, do carpentry work or mechanic work, and swim, run, and play with his grandkids. Mr. Van testified that after the 2007 accident, he was unable to engage in these activities.
 

 When Mr. Van sought medical treatment following the 2007 accident, he failed to disclose to the treating physician that he had undergone a prior cervical spinal fusion surgery or that he had been involved in an earlier automobile accident. Mr. Van disclosed the prior cervical spinal fusion surgery only upon inquiry by his neurosurgeon, who discovered indicia of an earlier surgery after reading the results of an MRI scan he had ordered of Mr. Van’s spine. During trial, the jury observed Mr. Van wearing a neck brace. During the cross-examination of Mr. Van’s neurosurgeon, the physician testified that there was no medical necessity for Mr. Van to be wearing the neck brace. In light of this testimony, the jury was entitled to judge Mr. Van’s credibility and accept or reject his testimony on all issues.
 
 See Chomont v. Ward,
 
 108 So.2d 635 (Fla.1958);
 
 Roach v. CSX Transportation, Inc.,
 
 598 So.2d 246, 250 (Fla. 1st DCA1992).
 

 Based on the evidence and testimony introduced at trial and the instructions presented to it, the jury could properly reject the testimony of the medical experts
 
 *1110
 
 who opined that Mr. Van’s injuries were caused at least in part by the automobile accident and conclude that Mr. Van suffered no injury as a result of the 2007 accident. By failing to recognize the jury’s prerogative to reject the expert testimony on causation, particularly in light of the lay testimony which conflicted with the expert testimony, the trial court erred in concluding that the manifest weight of the evidence was contrary to the jury verdict.
 
 See Easkold v. Rhodes,
 
 614 So.2d 495 (Fla. 1993). Accordingly, we find that the trial court abused its discretion in granting the motion for new trial.
 

 We REVERSE and REMAND for the trial court to enter judgment on the jury verdict.
 

 WOLF and THOMAS, JJ„ concur.