ON MOTION FOR REHEARING
WETHERELL, J.
We deny Appellee’s motions for rehearing and rehearing en banc. On our own motion, we withdraw the opinion issued on June 8, 2011, and substitute this opinion in its place.
Ring Power Corporation (Ring Power) seeks review of an order granting a new *1117 trial in this negligence action. In the order, the trial court found that a new trial was warranted because the verdict in favor of Ring Power was contrary to the manifest weight of the evidence and because of improper closing argument by defense counsel. Ring Power contends that the trial court abused its discretion in granting a new trial. We agree and reverse.
Appellee, Melvin Rosier, sued Ring Power and others for negligence based upon the failure of the parking brake on a Caterpillar backhoe loader at the Wakulla County landfill. When the brake failed, the loader rolled forward and pinned Rosier against a brick wall. Rosier eventually had both legs amputated as a result of the accident. Rosier settled with Caterpillar and voluntarily dismissed Wakulla County, and the case proceeded to trial only against Ring Power. Rosier claimed that Ring Power had a duty to reasonably inspect and maintain the loader and its brake system pursuant to the Customer Service Agreement (CSA) between Ring Power and Wakulla County and that the accident was caused by Ring Power’s breach of this duty.
Following a four-day trial, the jury returned a verdict in favor of Ring Power. Rosier timely moved for a new trial, arguing that the verdict was against the manifest weight of the evidence and that, contrary to a ruling of the trial court, Ring Power improperly argued in closing arguments that it had no liability based on exculpatory language in the CSA. The trial court granted the motion. This appeal follows.
The trial court has discretion to grant a new trial even if it is not clear, obvious, and indisputable that the jury was wrong. See Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999). But the trial court should “refrain from acting as an additional juror” and “should only intervene when the manifest weight of the evidence dictates such action.” Smith v. Brown, 525 So.2d 868, 870 (Fla.1988) (emphasis in original). The trial court’s ruling on á motion for new trial is reviewed for an abuse of discretion, as explained in Estate of Stuckey:
When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
749 So.2d at 497-98.
Where, as here, the trial court grants a new trial on the basis that the verdict was contrary to the manifest weight of the evidence, the issue for the appellate court is not whether there was evidence to support the verdict; rather, the issue is whether there is record support for the trial court’s finding that the verdict was contrary to the manifest weight of the evidence. Id.; see also E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825, 827-28 (Fla.1997) (quashing appellate decision reversing order granting new trial because “although there was an evidentia-ry basis for the jury verdict, there also was extensive evidentiary support for the trial court’s ruling”). The trial court is required to articulate its reasons for granting a new trial in the order. See Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978) (“Orders granting motions for new trials should articulate reasons for so *1118 doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.”). The trial court abuses its discretion in granting a new trial where there is no record support for the reasons stated in its order. See, e.g., Schmidt v. Van, 2011 WL 2570774 (Fla. 1st DCA June 30, 2011) (reversing grant of new trial because, even though defense verdict was contrary to uncontradicted testimony of the plaintiffs expert, the jury was free to weigh and reject the expert’s testimony); Jordan v. Brown, 855 So.2d 231, 233-34 (Fla. 1st DCA 2003) (reversing grant of new trial where issue of plaintiffs injury was highly controverted and, thus, the trial court’s finding that there was uncontro-verted evidence that plaintiff was injured was not supported by the record); K-Mart Corp. v. Collins, 707 So.2d 753, 755-56 (Fla. 2d DCA 1998) (reversing grant of new trial where findings in the order did not reveal the conflicting nature of the evidence presented at trial, but rather reflected that the trial judge was impermissi-bly acting as a seventh juror by merely disagreeing with the jury’s determination of what weight to accord the evidence).
Here, the order granting a new trial focused on the “unrebutted” testimony of Rosier’s expert that Ring Power did not competently inspect the loader in accordance with industry standards because the inspector was unable to say how long the brake system would work after the inspection. The record does not support the trial court’s finding that the expert’s testimony on this issue was unrebutted; * rather, the record reflects that the issue of whether Ring Power competently inspected the loader was highly controverted at trial.
The Ring Power employee who inspected the loader acknowledged in his testimony that the purpose of the inspection was preventative maintenance to identify potential problems with the loader, but he also testified at length how he thoroughly inspected the loader in accordance with the directions in the loader’s owner’s manual and that he observed no problems with the brakes during the inspection. The inspector testified that his inspection included setting the parking brake and putting the loader in gear to see if the brake would hold, which it did. The expert’s testimony that a competent inspection required Ring Power to essentially warrant the brake system for an additional 250 hours was in conflict with the CSA, which is silent on any such warranty obligations, and it was also in conflict with the inspector’s common-sense testimony based on his 27 years of experience as a field technician that the life of the brake system depended on the use of the loader and other factors. Indeed, the expert acknowledged that a corrosive environment, such as at the landfill, would greatly diminish the life of the brakes. Moreover, other circumstantial evidence was presented to support each party’s position regarding the competency of the inspection, including conflicting testimony as to whether the brake pads were replaced after the accident and conflicting testimony as to whether there were problems with the loader’s brake system after the inspection and before Rosier’s accident. These conflicts in the evidence were for the jury to weigh and resolve in determining whether Ring *1119 Power breached its duty under the CSA. Accordingly, the trial court abused its discretion in granting a new trial on the basis that the verdict was contrary to the manifest weight of the evidence.
The trial court also abused its discretion in granting a new trial on the basis of defense counsel’s unobjected-to references to the exculpatory language in the CSA in his closing argument. Because Rosier did not object to the argument or move for a mistrial, a motion for new trial can be granted only if the argument rises to the level of fundamental error. See Companioni v. City of Tampa, 51 So.3d 452, 456 (Fla.2010) (holding that a party must object to instances of attorney misconduct during trial and also move for mistrial if objection is sustained in order to preserve the issue for a motion for new trial); see also Cummins Ala., Inc. v. Allbritten, 548 So.2d 258, 263 (Fla. 1st DCA 1989) (requiring objection and motion for mistrial to preserve issue for new trial motion). An unobjected-to closing argument amounts to fundamental error, requiring a new trial, when the argument 1) is improper; 2) is harmful; 3) is incurable; and 4) “so damaged the fairness of the trial that the public’s interest in our system of justice requires a new trial.” Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1028-30 (Fla.2000).
Applying the Murphy test, we determine that defense counsel’s argument does not rise to the level of fundamental error because the argument was not improper, harmful, incurable, or damaging. The CSA was a joint exhibit introduced by the parties, and Rosier did not request the redaction of any portion of the CSA. Thus, it was not improper for defense counsel to read from the CSA in his closing argument. Moreover, although the trial court had prohibited Ring Power from arguing that the exculpatory language in the CSA precluded a finding of negligence, it is clear from a review of defense counsel’s closing argument that his reference to the exculpatory language was not inconsistent with the court’s ruling. Counsel did not argue that anything in the CSA barred a finding of liability; he simply argued that the CSA did not require Ring Power to “predict the future” as suggested by the testimony of Rosier’s expert. Viewed in this manner, the argument is nothing more than counsel offering an interpretation of the evidence that had been presented to the jury, which is proper closing argument. Accordingly, because Rosier did not meet the Murphy test and establish fundamental error, the trial court abused its discretion in granting a new trial based on the unobjected-to closing argument.
Based upon the foregoing, we reverse the order granting a new trial and remand with directions that the jury’s verdict be reinstated and judgment be entered in favor of Ring Power.
REVERSED and REMANDED with directions.
DAVIS, and LEWIS, JJ., concur.

 Even if the expert’s testimony was unrebutted, that alone would not be an adequate basis to grant a new trial because the jury was free to reject this testimony. See Schmidt, supra; see also Wald v. Grainger, 64 So.3d 1201 (Fla.2011) (explaining that a jury can reject un-contradicted expert testimony if there is conflicting lay testimony or other conflicting evidence).