DAMOORGIAN, J.,
dissenting.
I dissent for the same reason that the majority acknowledges that the “[cjircum-stantial evidence in this case also permits an inference that the plaintiff suffered no injury.” Even if the defense expert testified that the plaintiff may have been in need of some temporary medical treatment after the accident, the jury was presented with other evidence that the accident did not cause the plaintiff any injuries. The majority concedes that were we to apply “the same rationale as was used in Jordan[2] and Schmidt[3], we would have to find that the trial court abused its discretion.” The rationale is based on a fundamental principle in our civil jury system that the jury is free to accept or reject some, all, or none of the evidence introduced at trial. Schmidt v. Van, 65 So.3d 1105, 1107-08 (Fla. 1st DCA 2011); see also Corbett v. Wilson, 48 So.3d 131, 134 (Fla. 5th DCA 2010) (“The jury is free to weigh the credibility of an expert witness, just as any other witness, and to reject such testimony, even if uncontradicted.”) (citation omitted). Moreover, I do not agree with the majority that reversal in this case would run afoul of the Florida Supreme Court’s opinion in Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999) (“ ‘The trial judge should only intervene when the manifest weight of the evidence dictates such action.’ ”) (emphasis in original). A trial judge’s discretion is not unfettered. Where the trial judge’s premise for granting a new trial was based on an incorrect conclusion of law, or where the evidence in the record does not support the trial *1160 court’s determination, there is an abuse of discretion. Schmidt, 65 So.3d at 1107-08.
The majority concedes that there was no record basis to support the trial court’s conclusion that the evidence was ‘undisputed’ that an injury occurred. In fact, there was conflicting evidence on the issue of whether the plaintiff suffered any injury from the accident. “By failing to recognize the jury’s prerogative to reject the expert testimony on causation, particularly in light of the lay testimony which conflicted with the expert testimony, the trial court erred in concluding that the manifest weight of the evidence was contrary to the jury verdict.” Id. at 1110 (citation omitted).
The jury resolved the conflicts in the evidence and I would let the verdict stand.

. Jordan v. Brown, 855 So.2d 231 (Fla. 1st DCA 2003).

. Schmidt v. Van, 65 So.3d 1105 (Fla. 1st DCA 2011).