# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0123
Lower Tribunal No. 17-104
_____


**Raul Corzo, et al.,**
Appellants,

vs.

**Angel Montero,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Cole, Scott & Kissane, P.A., Scott Cole, and Carly M. Weiss (Orlando), for appellants.

Fischer Redavid, PLLC, and Terry P. Roberts (Hollywood), for appellee.

Before FERNANDEZ, BOKOR, and GOODEN, JJ.

GOODEN, J.

Appellants Raul Corzo and Marianeca Corzo appeal an order granting a new trial. Because the trial court's order is not supported by the record, we find that the trial court abused its discretion. We reverse the order granting a new trial and remand for the trial court to rule on the other grounds set forth in the motion for new trial.

## I.

On a rainy November day in 2015, Raul Corzo operated a vehicle owned by his mother, Marianeco Corzo. Appellee Angel Montero and his wife were stopped at a red light. Corzo approached. While Corzo tried to avoid rear-ending Montero, he failed to do so and struck the back of the vehicle. Fire rescue was dispatched to the scene. However, Montero made no complaints of injuries and received no medical care. Montero did not go to the hospital.

Two days after the accident, Montero first sought medical treatment. He presented to a clinic with complaints of pain in both knees, both shoulders, neck, and back. Ultimately, Montero had twenty-one physical therapy sessions focused primarily on his neck and back. Montero's pain in his neck, back, and left shoulder resolved after this treatment.

Radiologists noted several degenerative findings on Montero's x-rays and MRIs. For decades, Montero performed hard physical labor in the

construction and maintenance industries.[1] His work history involved repetitive movements, such as lifting and kneeling. There were preexisting injuries and complaints as he had surgery on his right knee in 1992.

Six months after the accident, Montero saw Dr. John Wilkerson, an orthopedic surgeon. Dr. Wilkerson diagnosed Montero with medial meniscus tears in both knees and a rotator cuff tear in his right shoulder. He later performed an arthroscopic right knee surgery on Montero. During the procedure, Dr. Wilkerson noted grade 4 chrondromalacia, which he conceded was not related to the automobile accident. Dr. Wilkerson also recommended Montero undergo a rotator cuff repair and a left knee arthroscopy. However, Montero did not undergo these procedures.

After the 2016 surgery, Montero returned to physical therapy. He also periodically visited Dr. Wilkerson between 2017 and 2019, and reported pain in both knees and the right shoulder. Then, Montero had a substantial gap in treatment of three and a half years. He next saw Dr. Wilkerson in August 2022.

In 2017, Montero filed suit against the Corzos for personal injuries. The Corzos admitted fault for the accident, but contested causation, permanency,

---

[1] Montero continued to work after the accident.

3

and damages. Before trial, Montero dropped his claims for economic damages; he proceeded to trial on the issues of causation, permanency, and non-economic damages.[2]

The case went to trial in 2019. The jury found that Corzo was the legal cause of Montero's injuries, Montero sustained a permanent injury, and awarded $30,000 in past pain and suffering. Montero appealed to this Court. We reversed and remanded for a new trial. Montero v. Corzo, 320 So. 3d 976 (Fla. 3d DCA 2021).

During the new trial on causation, permanency, and damages, the jury found that Corzo was the legal cause of Montero's injuries, and that Montero did not suffer a permanent injury as a result of the accident. It did not award non-economic damages.

Montero moved for a new trial asserting: 1) the verdict was "inadequate" because it was "undisputed" he sustained a permanent injury; 2) the trial court erred by rejecting his proposed verdict question on permanency, which included "whole or in part" language; and 3) the jury's finding of no permanent injury was contrary to the greater weight of the

---

[2] This is sometimes called untethering damages. In theory, it allows plaintiff's counsel to suggest an amount for pain and suffering untethered or unconnected to the cost of the medical care provided. This often occurs when the amount of past medical expenses is low.

4

evidence. Over opposition from Corzo, the trial court granted the motion as to the first ground and ordered a new trial on damages only. The order states:

> I find that while causation was disputed at trial, the issue of permanence was undisputed, unimpeached, and not otherwise subject to question based on the expert medical testimony and the other evidence presented at trial. Dr. Fernandez, the Defendant's CME physician, agreed with Plaintiff's physicians that a torn rotator cuff and torn meniscus are permanent injuries. When medical evidence on permanence is undisputed, unimpeached, or not otherwise subject to question based on the other evidence presented at trial, the jury is not free to simply ignore or arbitrarily reject that evidence and render a verdict in conflict with it. *Wald v. Grainger*, 64 So. 3d 1201, 1205 (Fla. 2011) (citing *Campbell v. Griffith*, 971 So. 2d 232, 236 (Fla. 2d DCA 2008)). Thus, the jury's finding that there was no permanent injury resulted in an inadequate verdict, and a new trial on damages is required.

The parties argued the other grounds; however, the trial court did not rule on them. This appeal followed.

## II.

We review an order granting a motion for new trial for an abuse of discretion. Brown v. Estate of Stuckey, 749 So. 2d 490, 498 (Fla. 1999). Nevertheless, a trial court's discretion in this regard is not unbridled or limitless. Wackenhut Corp. v. Canty, 359 So. 2d 430, 434 (Fla. 1978). "In other words, the trial judge does not sit as a seventh juror with veto power."

5

Laskey v. Smith, 239 So. 2d 13, 14 (Fla. 1970).  He or she is not a super-juror overriding the will of the jury.  See id.

In fact, the reasons set forth in the order must be supported by the record.  If not, the trial court abuses its discretion.  See Laskey, 239 So. 2d at 14 ("His setting aside a verdict must be supported by the record . . . ."); Valenty v. Saraiva, 292 So. 3d 50, 54 (Fla. 2d DCA 2020) ("It follows from those premises, then, that the reasons the trial court gives for granting a new trial must actually be supported by the trial record."); Moore v. Gillett, 96 So. 3d 933, 938 (Fla. 2d DCA 2012) ("Hence, a ruling that is unsupported by the record constitutes a clear abuse of discretion."); Hashmi-Alikhan v. Staples, 241 So. 3d 264, 268 (Fla. 5th DCA 2018) ("For instance, it is well-settled that a trial court abuses its discretion when its reasons for granting a new trial are not supported by the record."); Ring Power Corp. v. Rosier, 67 So. 3d 1115, 1118 (Fla. 1st DCA 2011) ("The trial court abuses its discretion in granting a new trial where there is no record support for the reasons stated in its order.").

The trial court found that evidence of a permanent injury was "undisputed, unimpeached, and not otherwise subject to question based on the expert medical testimony and the other evidence presented at trial."  The record before this Court belies this finding.

6

Throughout the trial, the jury heard conflicting evidence on whether Montero sustained a permanent injury as a result of the accident. We focus on two expert witnesses: Dr. John P. Wilkerson, Montero's treating orthopedic surgeon, and Dr. Rafael Fernandez, Jr., the orthopedic surgeon who conducted a compulsory medical examination on behalf of the defense.[3] The doctors provided vastly different opinions.

Dr. Wilkerson opined that Montero suffered from a right shoulder rotator cuff tear and medial meniscus tears in both knees because of the accident. He further believed that these injuries were permanent.

On the other hand, Dr. Fernandez testified to nearly the opposite. He explained that Montero did <u>not</u> have a right shoulder rotator cuff tear or a meniscal tear in his left knee. He further noted that the right knee MRI report showed a remnant meniscus tear resulting from the surgery Montero underwent in 1992. He concluded that Montero suffered from degenerative

_____

[3] While we focus on the testimony of two expert witnesses, there was other conflicting evidence: Montero did not report any injuries at the scene; he did not receive initial physical therapy to his knees; he continued to work a physically-demanding job after the accident; he continued to travel abroad and vacation after the accident; he had preexisting complaints which led to surgery to his knee; and his x-rays and scans showed degenerative findings. <u>See generally</u> <u>Wald</u>, 64 So. 3d at 1206. In addition, Montero's credibility was called into question.

changes only and he did not sustain any permanent injury as a result of the accident.

Instead of focusing on the entirety of the evidence and testimony presented, the trial court focused on an isolated portion of testimony. On cross-examination, Dr. Fernandez—while maintaining that Montero did not sustain any injury as a result of the accident—agreed that those general types of injuries are permanent in nature:

> Q: You'd agree that a torn rotator cuff is a permanent injury, correct?
>
> A: I believe that a rotator cuff tear is a permanent injury, yes, ma'am.
>
> Q: And you would agree that a torn meniscus is a permanent injury, right?
>
> A: Yes, I do.

Viewing this testimony in a vacuum led the trial court astray.

The PIP statute sets forth the permanency threshold:

> (2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for her or his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:

8

(a) Significant and permanent loss of an important bodily function.

(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

(c) Significant and permanent scarring or disfigurement.

(d) Death.

§ 627.737(2)(a)-(d), Fla. Stat. (2015). By using the words "because of" and "arising out of," this statute requires that the permanent injury be caused by the accident in question. See Wald, 64 So. 3d at 1207 ("Thus, as long as part of the bodily injury arising out of the motor vehicle accident involves a permanent injury 'within a reasonable degree of medical probability,' the plaintiff can recover noneconomic damages related to his pain, suffering, mental anguish, and inconvenience for all of the injuries related to the accident.").[4]

---

[4] The jury was aware of this requirement as it was correctly instructed. Before closing arguments, the trial court read the standard jury instructions:

> First, you must decide whether Angel Montero's injury resulting from the incident in this case is permanent.
>
> An injury is permanent if it, in whole or in part, consists of: (1) one a significant and permanent loss of an important bodily function or, (2) a significant and permanent scarring or disfigurement or, (3) three an injury that the evidence shows is permanent to a reasonable degree of medical probability.

See Fla. Std. Jury Instr. 501.3.

To recover noneconomic damages in automobile accident cases, plaintiffs must show that they sustained a permanent injury from the accident. It is insufficient for a plaintiff to show a permanent injury absent a showing of a causal nexus between that permanent injury and the subject accident. Stated differently, it is not enough for a plaintiff to simply have a permanent injury. That permanent injury must be caused by the accident in question.

The entire record demonstrates conflict in the evidence concerning whether Montero sustained a permanent injury as a result of the accident. Dr. Wilkerson and Dr. Fernandez provided contrary opinions. Indeed, Dr. Fernandez never conceded on cross-examination that Montero sustained a permanent injury. The questions were general in nature and not tied to Montero or the accident.

Therefore, the trial court's finding that it was "undisputed, unimpeached, and not otherwise subject to question based on the expert medical testimony and the other evidence presented at trial" is wholly unsupported by the record. It was the jury's province to resolve the conflict in the evidence. It did so and found Montero did not sustain a permanent injury as a result of the accident.

Because the findings in the trial court's order were not supported by the record, the trial court abused its discretion. Accordingly, we reverse the

10

order granting a new trial and remand for the trial court to rule on the other grounds set forth in the motion for new trial.

Reversed and remanded with directions.